

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Molly A. Brooks
Sandra E. Pullman
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANI JACOB, individually and on behalf all others similarly situated,<br><br>                                   Plaintiff,<br><br>          v.<br><br>DUANE READE, INC., DUANE READE HOLDINGS, INC., and WALGREEN CO.,<br><br>                                   Defendants. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Mani Jacob ("Plaintiff" or "Jacob"), individually and on behalf of all others similarly situated as a class representative, by his attorneys Outten & Golden LLP, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. For the third time in seven years, Duane Reade, Inc. and Duane Reade Holdings, Inc. (collectively, "Duane Reade"), which operate hundreds of retail drugstores in the New York City metropolitan area, are being sued for misclassifying their Assistant Store Managers as exempt from state and federal overtime provisions and failing to pay them overtime wages.

1

2. In November 2004, Duane Reade's daytime and evening Assistant Store Managers brought a lawsuit for failure to pay overtime wages, alleging that Duane Reade willfully designated employees as "executives" and classified them as exempt from state and federal overtime laws. *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 08819 (GEL) (S.D.N.Y. Nov. 5, 2004). The complaint alleged that these so-called managers did not exercise any supervisory authority or individual discretion in their work. In fact, their duties consisted almost entirely of manual labor.

3. In May 2005, the Honorable Gerard E. Lynch denied Duane Reade's motions to dismiss and for summary judgment in *Damassia*. *Damassia v. Duane Reade, Inc.*, 04 CIV. 8819 (GEL), 2005 WL 1214337, at *1 (S.D.N.Y. May 20, 2005).

4. In March 2006, another group of Assistant Store Managers sued Duane Reade, alleging the same willful misclassification and failure to pay overtime wages. *Chowdury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL) (S.D.N.Y. Mar. 23, 2006).

5. On May 27, 2008, the Court certified an Assistant Store Manger class incorporating both *Chowdury* and *Damassia* plaintiffs. The class included "[a]ll persons employed by Duane Reade, Inc. as assistant managers whom Duane Reade classified as exempt from the overtime requirements of the NYLL at any time between November 5, 1998 and the date of final judgment in this matter." *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 154 (S.D.N.Y. 2008).

6. The parties settled the case for $3.5 million, and the Court granted final approval of the settlement on July 27, 2009. *Damassia v. Duane Reade, Inc.*, 04 CIV. 08819 (GEL), 2009 WL 5841128, at *2 (S.D.N.Y. July 27, 2009).

7. The New York State Department of Labor currently reports Duane Reade on its "Non-Compliant Labor Standards Employer Search," listing minimum wage and overtime violations. *See* New York State Department of Labor Non-Compliant Labor Standards Employer Search, https://lsempviolations.labor.ny.gov/LSEmpViolations/index.faces.

8. Despite this history, Duane Reade maintains its policy of depriving its Assistant Store Managers, including Plaintiff, of wages to which they are entitled under the law.

9. Duane Reade continues to avoid paying its Assistant Store Managers their earned wages by misclassifying them as exempt executives. These purported "executives," including Plaintiff, perform few or no "managerial" duties. Instead, as in the past, for the majority of their work time, these purported "managers" stock and organized shelves, unpack boxes, stack merchandise, clean stores and storerooms, take out garbage, unload trucks, and perform customer service and other non-managerial duties.

10. For much of his employment at Duane Reade, Jacob worked approximately 55 hours per week but was not paid proper overtime wages of time and a half for the hours that he worked in excess of 40 hours per week.

11. By the conduct described in this Complaint, Defendants willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiff, proper overtime wages as required by law.

12. Plaintiff seeks to recover unpaid wages that Defendants owes him and similarly situated current and former Assistant Store Managers. He brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of himlself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. § 216(b). He also brings this action on behalf of himself and

a class of similarly situated current and former Assistant Store Managers, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for unpaid overtime wages, under the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332.

14.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

17.     A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New York, New York.

## THE PARTIES

*The Plaintiff*

18.     Jacob resides in Orangeburg, New York.

19.     Jacob was an employee of Defendants from approximately December 1985 through approximately October 2010.

20.     During his employment with Defendants, Jacob worked in New York, New York.

21. During his employment with Defendants, Jacob worked approximately 55 hours per week.

22. Pursuant to Duane Reade's policy and pattern or practice, Duane Reade did not pay Jacob proper overtime premium for hours he worked for Duane Reade's benefit in excess of 40 hours in a workweek.

***The Defendants***

23. Duane Reade, Inc. is a Delaware corporation, doing business within the City and County of New York.

24. Duane Reade, Inc. maintains corporate headquarters at 440 Ninth Avenue, New York, New York 10001.

25. Duane Reade Holdings, Inc. is a Delaware corporation, doing business within the City and County of New York.

26. Duane Reade Holdings, Inc. maintains corporate headquarters at 440 9th Avenue, New York, New York 10001.

27. Duane Reade, Inc. and Duane Reade Holdings, Inc. (collectively, "Duane Reade") operate a chain of approximately 258 retail drugstores throughout the New York City metropolitan area.

28. Walgreen Co. ("Walgreens") bought Duane Reade in April 2010. Upon information and belief, Duane Reade is now a fully owned subsidiary of Walgreens.

29. Walgreens is a corporation organized under the laws of Illinois.

30. Walgreens maintains its corporate headquarters at 200 Wilmot Road, Deerfield, Illinois 60015.

31. Duane Reade and Walgreens (beginning in April 2010) jointly employed Plaintiff and similarly situated current and former employees.

32. Duane Reade and Walgreens (collectively "Defendants" or "Duane Reade") are each covered employers within the meaning of the FLSA and the NYLL.

33. Upon information and belief, Duane Reade and Walgreens each have had gross revenues exceeding $500,000 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who work or have worked for Defendants as Assistant Store Managers, or in similar positions with comparable titles, who elect to opt in to this action (the "FLSA Collective").

35. Duane Reade is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other Assistant Store Managers. There are many similarly situated current and former Duane Reade Assistant Store Managers who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Duane Reade, are readily identifiable, and can be located through Duane Reade's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

36. Plaintiff also brings NYLL claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who work or have worked for Duane Reade as Assistant Store Managers at Duane Reade retail drugstores between January 8, 2009 and the date of judgment in this action" (the "Rule 23 Class").

37. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

38. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

39. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

(a) whether Defendants have failed and/or refused to pay Plaintiff and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(b) the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

(c) whether Defendants have a policy of misclassifying Assistant Store Managers as exempt from coverage of the overtime provisions of the FLSA and NYLL; and

(d) whether Defendants' policy of misclassifying workers was done willfully and whether Defendants can prove that their unlawful policies were implemented in good faith.

40. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the Rule 23 Class work or have worked for Defendants as Assistant Store Mangers in its retail drugstores and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. By misclassifying Assistant Store Managers as exempt from the NYLL overtime protections, Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

41. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

42. Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

43. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

44. Consistent with Defendants' policy and pattern or practice, Plaintiff and the members of the FLSA Collective and the Rule 23 Class ("Class Members") regularly worked in excess of 40 hours per week without being paid overtime wages.

45. All of the work that Plaintiff and the Class Members have performed has been assigned by Duane Reade, and/or Duane Reade has been aware of all of the work that Plaintiff and the Class Members have performed.

46. All Class Members performed the same primary job duties: building displays, stocking shelves, assisting customers, scanning prices, filling orders, unpacking boxes, stacking merchandise, counting money, making deposits, cleaning the store, and unloading trucks.

47. Pursuant to a centralized, company-wide policy, pattern or practice, Duane Reade has classified all Assistant Store Managers as exempt from coverage of the overtime provisions of the FLSA and NYLL.

48. Defendants did not perform a person-by-person analysis of every Assistant Store Manager's job duties in making the decision to classify all Assistant Store Managers as exempt from the FLSA's overtime protections.

49. As part of their regular business practice, the Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to Plaintiffs and the Class Members. This policy and pattern or practice includes but is not limited to:

    (a) willfully misclassifying Plaintiff and the Class Members as exempt from the requirements of the FLSA; and

(b) willfully failing to pay their employees, including Plaintiff and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week.

50. Upon information and belief, Defendants' unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and the NYLL.

51. Defendants are aware or should have been aware that state and federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

52. Defendants' failure to pay Plaintiff overtime wages for work performed in excess of 40 hours per week was willful.

53. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

54. Jacob worked for Duane Reade from approximately December 1985 through approximately October 2010.

55. Jacob began work as a Sales Clerk at the Duane Reade store at 50 Pine Street, New York, New York in or around December 1985, as an hourly employee.

56. Jacob became an Assistant Store Manager in or around August 1988, working at the Duane Reade store at 67 Broad Street, New York, New York.

57. Jacob became a Store Manager in or around January 1990, and he worked at the Duane Reade store at 4 Park Ave, New York, New York. He worked at several Duane Reade stores in New York, New York for the next seventeen years.

58. After taking a short break, he returned to work at the Duane Reade store number 108 at 1150 6th Avenue, New York, New York in January 2007 as an Assistant Store Manager.

59. In or around January 2008, he was transferred to Duane Reade store number 113 at 224 West 57th Street, New York, New York as an Assistant Store Manager.

60. He also worked as an Assistant Store Manager at several other Duane Reade stores in New York, New York, including store numbers 256, 214, 156, 148, 202, and 146, until approximately October 2010.

61. The tasks Jacob regularly performed as an Assistant Store Manager did not vary from store to store and included, but were not limited to,

   (a) building displays;

   (b) stocking shelves;

   (c) assisting customers;

   (d) scanning prices;

   (e) filling orders;

   (f) unpacking boxes;

   (g) stacking merchandise;

   (h) counting money;

   (i) making deposits;

   (j) cleaning the store;

   (k) performing customer service; and

   (l) unloading trucks.

62. Jacob constructed displays and stocked shelves according to detailed "planograms" that indicated the precise location and amount of products to be stocked on a particular shelf.

63. Jacob used a price gun to scan items and placed orders based on a computerized program set by the main office. The computer program, which had been adopted in or around 1994, would then tell him what items to order and what quantity to order.

64. Jacob's primary job duties as an Assistant Store Manager did not include:

    (a) hiring;

    (b) firing;

    (c) scheduling;

    (d) disciplining other employees.

65. Jacob's duties as a salaried Assistant Store Manager did not differ substantially from his duties when he worked as an hourly paid sales clerk, stocking shelves and unloading trucks. The only notable difference was that, as an Assistant Store Manager, he did more customer service and cashier work.

66. Jacob did not exercise a meaningful degree of independent discretion with respect to the exercise of any of his duties.

67. Jacob's primary duties were primarily manual in nature. The performance of manual labor duties occupied the majority of Jacob's working hours.

68. Consistent with Duane Reade's policy and pattern or practice, Jacob regularly worked in excess of 40 hours per workweek without being paid overtime wages.

69. Jacob worked 55 hours during most workweeks.

70. Defendants failed to pay Plaintiff for many hours he worked and failed to pay him overtime compensation for the hours he worked in excess of 40 in a workweek.

71. Duane Reade was or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty per week. Upon information and belief Duane Reade had on at least one previous occasion been investigated by the United States Department of Labor, and was therefore aware and should have been aware of the existence of the FLSA and its overtime requirements. Duane Reade has also been sued by Assistant Store managers for overtime violations at least twice in the past, and the Court denied its motion for summary judgment as to a good faith affirmative defense. *Damassia v. Duane Reade, Inc.*, 04 CIV. 8819 (GEL), 2005 WL 1214337, at *4 (S.D.N.Y. May 20, 2005).

72. Duane Reade was aware, or should have been, that these employees, *inter alia*: (a) primarily performed stocking duties and other manual labor, in addition to customer service; (b) on many occasions worked alone or with one or more other nominally exempt purported "executives"; (c) performed little or no supervisory functions; (d) wielded little or no discretion in the performance of their duties; and (e) experienced little or no change in their responsibilities or duties when "promoted" from non-exempt titles to their nominally exempt "executive" title.

### FIRST CAUSE OF ACTION
### (Fair Labor Standards Act)
### (Brought on Behalf of Plaintiff and all FLSA Class Members)

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Duane Reade has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

75. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

76. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

77. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Duane Reade.

78. Duane Reade is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

79. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

80. Duane Reade has failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

81. Duane Reade's violations of the FLSA, as described in this Complaint, have been willful and intentional. Duane Reade has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

82. Because Duane Reade's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

83. As a result of Duane Reade's willful violations of the FLSA, Plaintiff and all others similarly situated have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

84. As a result of the unlawful acts of Duane Reade, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiff and all Rule 23 Class Members)

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. At times relevant to this action, Plaintiff was an employee and Duane Reade has been an employer within the meaning of the NYLL.

87. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Duane Reade.

88. Duane Reade has failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

89. By Duane Reade's failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

90. Due to Duane Reade's violations of the NYLL, Plaintiff and the Rule 23 Class Members are entitled to recover from Duane Reade their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Duane Reade as Assistant Store Managers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

B. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E. Designation of Plaintiff as a representative of the Rule 23 Class, and counsel of record as Class Counsel;

F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

G. Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

H. Pre-judgment interest and post-judgment interest, as provided by law;

I. An injunction requiring Defendants to pay all statutorily-required wages pursuant to the NYLL;

J. Attorneys' fees and costs; and

K. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: January 7, 2011

Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By: *[signature]*

Justin M. Swartz
Molly A. Brooks
Sandra E. Pullman
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
**Attorneys for Plaintiff and the Putative Class**

# EXHIBIT A

## CONSENT TO JOIN

1. I consent to be a party plaintiff in a lawsuit against DUANE READE, INC.; DUANE READE HOLDINGS, INC., and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate Outten & Golden LLP to represent me in such lawsuit to represent me in bringing my claim and appoint the lead named Plaintiff (as substituted or amended) to serve as my agent and make decisions on my behalf concerning the litigation and terms of settlement.

3. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

4. I also consent to join any separate or subsequent action to assert my claim against DUANE READE, INC., DUANE READE HOLDINGS, INC., and/or any related entities or persons potentially liable.

_Mani Jacob_
Signature

_MANI JACOB_
Full Legal Name (print)

REDACTED
Address

REDACTED
City, State                                Zip Code