UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                         :

MANI JACOB et al.,                                                  :
*Individually and on behalf of all others similarly*    :
*situated*                                                                  :
                             Plaintiffs,    :

                       -v-                                  :

DUANE READE, INC. and DUANE READE            :
HOLDINGS INC.,                                                    :
                        Defendants.    :
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/12

11-CV-0160 (JPO)

MEMORANDUM AND
ORDER

J. PAUL OETKEN, District Judge:

      Plaintiffs, individually and on behalf of all others similarly situated, assert that

Defendants Duane Reade, Inc. and Duane Reade Holdings, Inc. (collectively "Duane Reade")

violated the Federal Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and New York

Labor Law §§ 650 et seq. ("NYLL"), by failing to compensate their assistant store managers

("ASMs") for hours worked in excess of forty hours per week.  Plaintiffs now move for (1)

conditional certification of their FLSA claims as a collective action, (2) an order that Duane

Reade produce a Microsoft Excel data file containing all potential collective action members'

names, last known mailing addresses, last known telephone numbers, last known email

addresses, social security numbers, work locations, and dates of employment, (3) authorization

of notice to be sent to all ASMs employed by Duane Reade between January 7, 2009 and the

present, and (4) an order that Duane Reade post the approved notice at all locations where ASMs

work.

1

## I. Background

Defendant Duane Reade owns and operates approximately 256 retail drug and consumer convenience stores throughout the New York City metropolitan area. (Baruch Dep. 41:16-20, Ex. A to Fuchs Decl.; Second Amended Complaint ("Compl.") ¶ 33.) As of July 2011, Duane Reade employed 564 ASMs at various locations. (Baruch Decl. ¶ 10, Ex. B to Fuchs Decl.) Defendants assert that ASMs are salaried, management employees whose primary function is to manage the day-to-day operations of the store. (Baruch Decl. ¶ 6.) ASMs generally assist Store Managers in managing their assigned store.[1] (Defendants' Opposition to Plaintiff's Motion for Conditional Certification and Court-authorized Notice pursuant to Section 216(b) of the FLSA ("Def. Opp."), 2.) The current ASM job description, updated in 2007, states, *inter alia*, that the ASMs "[a]ssist with the overall management of the store along with, and in the absence of, the Store Manager, and assist with directing loss prevention, merchandising, staffing, customer service and inventory control." (ASM Job Description, Ex. D to Fuchs Decl.)

Duane Reade classifies all ASMs as exempt from the overtime provisions of the FLSA. (Costa Depo. 22:3-13, Ex. Y to Pullman Decl.) Each ASM signs a form acknowledging this exempt classification. (*See* Acknowledgement Forms, Ex. MM to Fuchs Decl.; Def. Opp., 10.)

This is not the first lawsuit challenging Duane Reade's policy of classifying all ASMs as exempt from FLSA. In 2006, in *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 WL 2853971, at *4 (S.D.N.Y. Oct. 5, 2006), Judge Lynch conditionally certified a class of assistant night managers at Duane Reade, finding that "[p]laintiffs' affidavits and allegations, taken together with defendant's admissions, more than suffice to entitle plaintiffs to court-

---

[1] In addition, there are six or seven ASMs who manage their assigned store on their own, without a Store Manager. (Baruch Dep. 41:17-42:6.)

2

authorized notice in this case." Similarly in 2007, Judge Lynch conditionally certified a class of

Duane Reade assistant daytime and evening assistant store managers in *Chowdhury v. Duane*

*Reade, Inc.*, No. 06 Civ. 2295, 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007). Subsequently Judge

Lynch consolidated these two actions and approved the terms of a settlement entered in 2009.

(*See* Order Granting Approval of Settlement, No. 06 Civ. 2295, Dkt. No. 266.)  Defendants

assert that in the wake of settlement of the collective actions before Judge Lynch, Duane Reade

"overhauled" the ASM position. (Def. Opp., 9.)

Plaintiffs in this action, Mani Jacobs and Lesleena Mars, were both employed by Duane

Reade as ASMs.  Jacobs worked as a Duane Reade ASM in approximately 10 to 15 different

locations from roughly December 1985 through October 2010. (Compl. ¶ 20; Jacobs Dep. 11:7-

15:22, 68:9-70:6, Ex. G to Pullman Decl.) Mars was employed as a Duane Reade ASM in five

different Duane Reade locations from approximately April 2007 to the present. (Compl. ¶ 25;

Mars Dep. 25:9-31:4, 105:18-24, Ex. H to Pullman Decl.) Both Jacobs and Mars assert that they

worked more than 40 hours a week, performing primarily routine non-managerial duties, but

were not compensated for overtime. (Jacobs Dep. 8:25-9:5; Mars Dep. 27:6-8; Compl. ¶ 10, 48.)[2]

On January 7, 2011, Plaintiff Mani Jacob filed a Class Action Complaint in this Court

alleging that Duane Reade unlawfully classifies all ASMs as exempt from the FLSA, wrongfully

depriving them of overtime pay. (Dkt. No. 1.) On the same day, Plaintiff Lesleena Mars filed a

---

[2] Several other Duane Reade ASMs have opted into the action, including Carmen Ortiz, Manuel Mendez, Darnell Forde, Habibul Islam, Kumar Bharat, Sanjeev Farid, Hanna Saddik, Laurel DeMarco, Ousmane Diop, Forbes Lewis, Usha Mehta, and Carlos Echevarria. These opt-in Plaintiffs have likewise provided deposition testimony that they worked more than forty hours a week and were not paid overtime. (*See* Ortiz Dep. 36:9:37:14, Ex. I to Pullman Decl.; Mendez Dep. 31:3-34, Ex. J to Pullman Decl.; Forde Dep. 5:9-17, Ex. J to Pullman Decl.; Islam Dep. 9:10-22, Ex. L to Pullman Decl.; Bharat Dep. 27:19-23, Ex. M to Pullman Decl.; Farid Dep. 31:10-32:5, Ex. N to Pullman Decl.; Saddik Dep. 15:19:22, 16:15-20; 18:14-17, Ex. O to Pullman Decl.; DeMarco Dep. 28:3-19, Ex. P to Pullman Decl.; Diop Dep. 102:4-8, Ex. Q to Pullman Decl.; Lewis Dep. 35:23-36:8, Ex. R to Pullman Decl.; Mehta Dep. 19:21-20:12, Ex. S to Pullman Decl.; Echevarria Dep. 14:4-19, Ex. T to Pullman Decl.)

similar complaint in the Eastern District of New York, alleging similar violations on behalf of Duane Reade ASMs. *Mars v. Duane Reade, Inc.*, No. 11 Civ. 00107 (DLI), Dkt. No. 1. Mars subsequently voluntarily dismissed her Complaint in the Eastern District and joined the instant action. On March 24, 2011, Mars and Jacobs filed a Second Amended Complaint, the operative complaint in this action.

On September 2, 2011, Plaintiffs moved for conditional class certification. Defendants opposed the motion on October 4, 2011, and Plaintiffs filed their reply on October 17, 2011.

## II. Discussion

### A. The Standard for Conditional Certification of FLSA Collectives

The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. . . ." 29 U.S.C. § 202(a). "The purpose of the FLSA . . . was to 'guarantee [ ] compensation for all work or employment engaged in by employees covered by the Act.'" *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646, 648-49 (2d Cir. 1995) (alteration in original) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602 (1944)).

The FLSA requires employers to pay their employees overtime wages, at the rate of time and a half, for hours in excess of 40 hours worked in a single week if the employees are not "exempt" under several recognized categories. 29 U.S.C. § 207. The FLSA provides an exemption for "any employee employed in a bona fide executive, administrative, or professional capacity. . . ." 29 U.S.C. § 213(a)(1).

The executive exemption applies to an employee who is:

4

> (1) [c]ompensated on a salary basis at a rate of not less than $455 per week. . . , exclusive of board, lodging or other facilities; (2) [w]hose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) [w]ho customarily and regularly directs the work of two or more other employees; and (4) [w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100.  The administrative exemption applies to an employee who is:

> (1) [c]ompensated on a salary or fee basis at a rate of not less than $455 per week. . ., exclusive of board, lodging or other facilities; (2) [w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) [w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200.  The Second Circuit has held that "because the FLSA is a remedial act, its exemptions . . . are to be narrowly construed," and the "employer bears the burden of proving that its employees fall within an exempted category of the Act."  *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991), *cert. denied*, 506 U.S. 905 (1992).

Section 216(b) provides for a private right of action to recover unpaid overtime compensation and liquidated damages from employers who violate FLSA's overtime provisions:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

5

"Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has endorsed a two-step process for determining whether to proceed collectively under § 216(b). *See, e.g.*, *Myers*, 624 F.3d at 554-55 (reviewing the two-phase inquiry and deeming it "sensible" for use in evaluating certification under section 216(b)). "After plaintiffs have opted in and discovery is complete, courts conduct a more stringent 'second tier' analysis upon a full record to decide whether the additional plaintiffs are similarly situated to the original plaintiffs." *Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (PGG), 2010 WL 2465488, at *4 (S.D.N.Y. June 16, 2010) (citation omitted).

"The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (quoting 29 U.S.C. § 216(b)). Plaintiffs can demonstrate that they and potential opt-in plaintiffs are 'similarly situated' by making a "'modest factual showing' that they . . . were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann*, 982 F. Supp. at 261). "Because certification at this first early stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are 'similarly situated' is very low." *Raniere v. Citigroup Inc.*, No. 11 Civ. 2448, 2011 WL 5881926, at *22 (S.D.N.Y. Nov. 22, 2011); *see also Lynch v. United Services Auto. Ass'n*, 491 F. Supp.2d 357, 368 (S.D.N.Y. 2007) (Plaintiff's burden for showing that potential plaintiffs are similarly situated at the notice stage is "minimal").

"Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008) (citation omitted).

At this preliminary stage, the focus of the inquiry "is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Guillen v. Marshalls of Mass., Inc.*, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010) (citations omitted); *see also Krueger v. N.Y. Tel. Co.*, No. 93 Civ. 0178, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993) ("[T]he Court need not evaluate the merits of plaintiffs' claims in order to determine whether a 'similarly situated' group exists."). "In a FLSA exemption case," plaintiffs make a modest factual showing by providing some evidence "that there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions, on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." *Myers*, 624 F.3d at 555 (citation omitted).

However, certification is not automatic. "The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist." *Id.* (citation omitted). "Conclusory allegations" are not enough to satisfy this burden. *See Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, *3 (S.D.N.Y. Feb. 2, 2006) (citation omitted).

At the second stage, the defendant may move to decertify the collective if discovery shows that the individuals who opt-in are not in fact similarly situated to the named plaintiffs.

*Myers*, 624 F.3d at 555. "This second stage inquiry is more stringent because the court 'is able

to examine whether the actual plaintiffs brought into the case are similarly situated.'" *Raniere v.

Citigroup Inc.*, 2011 WL 5881926, at *23 (quoting *Gortat v. Capala Brothers, Inc.*, No. 07 Civ.

3629 (ILG), 2010 WL 1423018, at *10 (E.D.N .Y. Apr. 9, 2010)).

## B. Conditional Collective Certification

As discussed below, Plaintiffs have met their minimal burden of demonstrating

that ASMs at Duane Reade are similarly situated.  Relying on deposition testimony, Duane

Reade's uniform job description for the ASM position, and other documents, Plaintiffs have

made the requisite modest factual showing that ASMs at Duane Reade perform similar non-

managerial job duties and do not receive overtime for the hours worked in excess of forty per

week.

Plaintiffs claim that all ASMs, notwithstanding location, have the same primary job

functions, mainly manual labor and routine non-managerial duties.  Plaintiffs assert that the

majority of ASMs' time at work is occupied stocking and organizing shelves, unpacking boxes,

stacking merchandise, cleaning stores and storerooms, taking out garbage, unloading trucks, and

performing customer service and other non-managerial duties.  (Compl. ¶ 10, 48.)  ASMs report

having identical responsibilities despite working in different locations.  (Mars Dep. 107:7-11, Ex.

H to Pullman Decl.; Ortiz Dep. 117:8-19, Ex. I to Pullman Decl.; Mendez Dep. 106:6-22, Ex. J

to Pullman Decl.)

Plaintiffs also assert that Duane Reade makes decisions at a corporate level, which are

implemented uniformly in Duane Reade's stores, and, as a result, ASMs have no ability to make

individualized decisions in their stores.  For example, Duane Reade issues chain-wide detailed

'planograms' that instruct ASMs how to set up their stores so that merchandize is presented identically in every store. (Mars Dep. 159:14-160:18, Ex. H to Pullman Decl.; Bharat Dep. 46:6-12, Ex. M to Pullman Decl.) Duane Reade's corporate office also mandates a uniform protocol for ordering merchandise, requiring ASMs to scan the shelves with a computerized scan-gun to track inventory. (Forde Dep. 133:10-135:23, Ex. K to Pullman Decl.; Bharat Dep. 40:7-14, Ex. M to Pullman Decl.) Similarly, personnel decisions are made at a corporate level "to ensure consistent decisions across the company." (Flete Dep. 82:13-84:2; 88:15-90:11, Ex. FF to Pullman Reply Decl.) Moreover, Duane Reade readily admits that it uniformly classifies all ASMs as exempt from FLSA's overtime requirements. (Costa Tr. 22:3-13, Ex. Y to Pullman Decl.; *see also* Baruch Tr. 175:11-177:11, Ex. U to Pullman Decl.)

Duane Reade denies that the various ASMs are so similarly situated that the Court should permit collective certification. Duane Reade offers three main arguments in support of its position.

## 1.

First, Defendants argue that the Court should not certify the class because Plaintiffs rely solely on "conclusory allegations" that ASMs are misclassified as exempt from the FLSA, but fail to provide sufficient evidence "that Plaintiffs are <u>actually</u> misclassified, that Plaintiffs are similarly situated with regards to that misclassification, and that Plaintiffs are victims of a common 'illegal' policy or plan by Duane Reade to misclassify them." (Def. Opp., 13 (emphasis in original).) At the crux of this argument is Defendants' contention that Duane Reade's classification of all ASMs as exempt is proper and that the ASM job description, as revised in 2007, is facially lawful. Defendants argue that Plaintiffs cannot rely on a lawful uniform policy

or job description to demonstrate that ASMs are similarly situated for the purposes of FLSA certification. *See Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914 (D. Ariz. 2010) (The "mere classification of a group of employees . . . as exempt under FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members 'similarly situated' for § 216(b) purposes.").

Plaintiffs, however, do not concede that Duane Reade's job description supports exempt classification for all ASMs,[3] and it is inappropriate to determine at this stage the unbriefed issue of whether the ASM job description is consistent with a position rightfully exempt from the FLSA overtime requirements. Defendants' arguments that Plaintiffs are correctly classified and that Plaintiffs' claims fail on the merits are largely premature. *See e.g., Schwerdtfeger v. Demarchelier Management*, No. 10 Civ. 7557 (JGK), 2011 WL 2207517, at *5 (S.D.N.Y. June 6, 2011) (Whether defendants had a "common policy or plan that violated the FLSA" raised "a factual issue that [was] inappropriate to resolve" at the collective certification stage.); *Damassia*, 2006 U.S. Dist. LEXIS 73090, at *5 ("[C]ourts need not resolve the merits in order to find plaintiffs and potential opt-in plaintiffs similarly situated for purposes of authorizing notice."); *accord Lynch*, 491 F. Supp. 2d at 368.

Defendants further argue that evidence of Duane Reade's uniform, company-wide policies and job descriptions, especially in light of their facial lawfulness, is insufficient to meet Plaintiffs' low burden. Defendants maintain that Plaintiffs must demonstrate that they "and the other ASMs were similarly situated with respect to the claim that they were required to perform non-managerial job duties in contravention of the formal job description." (Def. Opp., 18

---

[3] Specifically, Plaintiffs assert that on the face of the job description, ASMs lack the discretion or freedom from supervision, as required for administrative exemption, and that there is no mention of hiring or firing responsibilities, as required for the executive exemption. (Pl. Mem., 2-3.)

10

(quoting *Guillen v. Marshalls of Mass*, 750 F. Supp. 2d 469, 476 (S.D.N.Y. 2010).)  In other words, Defendants maintain that Plaintiffs have improperly relied on Defendants' corporate policies to show similarity and have failed to demonstrate that all ASMs are similarly situated in the manner that they were required to perform job duties outside their job description.

Defendants principally rely on three cases for the proposition that a court should discount evidence of a defendant's uniform corporate policy as evidence that plaintiffs are similarly situated. *Guillen v. Marshalls of Mass*, 750 F. Supp. 2d 469, 476 (S.D.N.Y. 2010) ("[T]o show that he and the putative plaintiffs are similarly situated. . . it is not sufficient for Guillen to show that he and the proposed class of ASMs operated under the same job description."); *Tahir v. Avis Budget Grp., Inc.*, 2011 U.S. Dist. LEXIS 37279, at *7 (D.N.J. Apr. 6, 2011) ("Plaintiff's reliance on the common documents misses the point of the claim, which turns on the alleged discrepancy between the job on paper and the job in practice."); *Bramble v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 39457, at *8, 12 (E.D. Pa. Apr. 11, 2011) (denying collective certification where the Department of Labor had concluded that Asset Protection Coordinators "actually performing the full range of duties" in the job description would "properly qualify for an exemption from the FLSA's overtime provisions" and where "[p]laintiffs produced little evidence . . . that their responsibilities, as performed, were similar to those actually performed by other APCs" ).  These cases, however, are distinguishable from the instant case.

In *Guillen*, the court declined to conclude that the plaintiffs, assistant store managers at the department store Marshalls, were similarly situated based on the evidence that Marshalls had a uniform job description for all assistant store managers. *Guillen*, 750 F. Supp. 2d at 476.  The court further found that the five assistant store managers who provided affidavits to plaintiffs had knowledge of conditions in only 9 of the defendants' 820 stores and consequently denied

11

certification, without prejudice.  Significantly, for the *Guillen* court, these affiants had knowledge only of stores in the New York metropolitan area even though the plaintiffs sought certification of a nationwide class.  *Id.* at 477.  In contrast, here Plaintiffs do not seek certification of a nation-wide class as all of Defendants' stores are located in and around the New York City area.

While the courts in *Guillen*, *Tahir*, and *Bramble* were not persuaded by evidence of the defendants' uniform corporate policies, other courts have had more use for such evidence.  *See Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361(PGG), 2010 WL 2465488, at *5 (S.D.N.Y. June 16, 2010) (Rite Aid's internal corporate documents, including its nationwide job descriptions for the store manager position, "demonstrate that Rite Aid's corporate management exercises a great degree of control over the operation of retail branches" and make it "highly likely that Rite Aid store managers – whether located in New York City or elsewhere – perform similar duties."); *Chowdhury*, 2007 U.S. Dist. LEXIS 73853, at *13 ("Duane Reade's own job description for all assistant managers reveals that their duties and responsibilities are centrally derived, regardless of the shift they work . . . .").  Moreover, unlike the plaintiffs in *Guillen, Tahir* and *Bramble*, Plaintiffs in the instant action do not rely exclusively on the defendants' job description and other corporate documents to show that Plaintiffs are similarly situated.  As discussed above, the testimony provided by Plaintiffs indicates that many ASMs at Duane Reade performed similar, non-managerial duties.

The Court finds that there is enough evidence for Plaintiffs to meet the light burden at this preliminary stage of showing that ASMs were similarly situated in that, in contravention of the written job description, ASMs primary duty was manual labor, not managing Defendants' business.

12

**2.**

Defendants also argue that Plaintiffs have failed to demonstrate that all ASMs are similarly situated. Defendants maintain that "[n]otwithstanding similar basic supervisory and managerial responsibilities, the differences among ASM's experiences at Duane Reade . . . are striking," and that even the duties of the two named plaintiffs, Mani Jacob and Lesleena Mars, differ significantly. (Def. Opp., 7-9.) Defendants also contend that there are separate categories of ASMs – for example, "Hiring ASMs", "District Trainer" ASMs, and ASMs who work in "new look" prototype stores – and that ASMs have varied duties and responsibilities. (*See, e.g.*, Costa Dep. 35:23-37:13, Ex. C to Fuchs Decl.; Baruch Dep. 77:18-79:13, Ex. A to Fuchs Decl.; Vuchetich Decl ¶ 20, Ex. X to Fuchs Decl.; Kudrna Decl. ¶ 25, Ex. JJ to Fuchs Decl.; Babington Decl. ¶ 9, Ex. DD to Fuch Decl.; Crooks Decl. ¶ 5, Ex. GG to Fuchs Decl., Baptiste Decl. ¶ 32, Ex EE to Fuchs Decl.)

In an attempt to demonstrate the diversity of ASMs' job functions, Defendants have submitted deposition testimony and declarations from current employees. (*See* Fuchs Decl.) The Court, however, declines to weigh Plaintiffs' and Defendants' competing testimony at this phase of the litigation. *See, e.g., Raniere*, 2011 WL 5881926, at \*26 ("To balance the parties' competing affidavits at this stage would require the Court to determine the facts, determine credibility of the affiants, and resolve legal contentions, all of which the conditional certification and potential later decertification process is structured so as to avoid."); *see also Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 330 (S.D.N.Y. 2010) (declining to "wade into a thicket of competing factual assertions at this preliminary stage.").

Moreover, before the Court is not whether Plaintiffs and other ASMs were identical in all respects, but "rather whether they were subjected to a common policy to deprive them of

13

overtime pay when they worked more than 40 hours per week." *Vaughan v. Mortgage Source LLC*, No. 08 Civ. 4737 (LDW)(AKT), 2010 WL 1528521, at *7 (E.D.N.Y. Apr. 14, 2010).  As Judge Lynch articulated in *Damassia*, some variance in ASMs' job duties is "hardly relevant to whether plaintiffs and potential opt-in plaintiffs were common victims of an illegal application of the 'bona fide executive' exemption to overtime compensation requirements.  On defendant's logic, no group of opt-in plaintiffs would ever be 'similarly situated' unless they were clones of one another working in completely identical stores, in identical neighborhoods, with identical clientele." *Damassia*, 2006 U.S. Dist. LEXIS 73090, at *21; *accord Schwerdtfeger v. Demarchelier Management*, No. 10 Civ. 7557 (JGK), 2011 WL 2207517, at *4 (S.D.N.Y. June 6, 2011) ("[T]he fact that the employees in the putative class performed different functions does not bar conditional certification.  All of the employees who performed different functions were subjected to the same alleged unlawful policy that violated the FLSA."); *Indergit*, 2010 WL 2465488, at *8.  Furthermore, Defendants did not consider the differences in ASMs' job duties sufficient to require Duane Reade to undertake an individual analysis before categorically classifying all ASMs as exempt from FLSA, although Duane Reade now portends that such individualized inquiry will be necessary if the Court certifies the collective action.

### 3.

Defendants also argue that there have been significant changes since Judge Lynch's 2006 decision in *Damassia* and that Plaintiffs' arguments rest too heavily on this opinion.  In 2007 through 2008, in the wake of the settlement of the collective actions before Judge Lynch, Duane Reade reportedly "overhauled" the ASM position.  (Def. Opp., 9.)  Among other changes, Duane Reade created a training program, changed the qualifications for the ASM position and "revised

14

the job description to better reflect the Company's managerial and supervisory requirements for the ASM position."  (Costa Dep. 7:11-8:24, 84:12-85:21, 102:24-104:25, Ex. C to Fuchs Decl.)

In contrast, Plaintiffs argue that the changes since Judge Lynch's decisions in *Damassia* and *Chowdhury* have been merely superficial, not resulting in any actual increase in ASMs' job responsibilities.  Plaintiffs assert that the only real changes Defendants undertook as a result of the 2009 settlement was to re-write the ASM job description in an attempt to avoid legal liability. (Pl. Reply Mem., 1-2; *see* Costa Dep. 12:23-13:8, Ex. DD to Pullman Reply Decl.; Baruch Dep. 15:5-18, Ex. DD to Pullman Reply Decl.)

At this preliminary stage, it is unnecessary to appraise the authenticity of Duane Reade's transformation since the prior litigation or to parse through old facts in order for the Court to find that Duane Reade's ASMs are similarly situated at present.  While Judge Lynch's decisions in *Damassia* and *Chowdhury* provide useful legal precedents, relied upon by a number of courts both in and out of this Circuit, this Court has relied on the evidentiary record that is part of the instant action in finding that Plaintiffs appear to be sufficiently similarly situated for purposes of conditional certification.

In sum, Plaintiffs have made more than the necessary 'modest showing' that ASMs at Duane Reade are similarly situated, and this Court conditionally certifies the collective pursuant to Section 216(b) of the FLSA.

## C. Notice

Plaintiffs request that the Court authorize them to send notice to all individuals who have worked as Duane Reade ASMs at any time between January 7, 2009 and the present.  The

plaintiffs attach a proposed notification letter for approval.  (Proposed Notice, Ex. CC to Pullman

Decl.)  Defendants have not stated any opposition to the form of the proposed notice.

As discussed above, the district courts have the authority to order that notice be given to

potential members of a plaintiff class, pursuant to the opt-in provisions of the FLSA.  *See, e.g.*,

*Raniere*, 2011 WL 5881926, at *28; *Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d

335, 336 (2d Cir. 1978), *cert. denied*, 441 U.S. 944 (1979) ("Although one might read the Act,

by deliberate omission, as not providing for notice, we hold that it makes more sense, in light of

the 'opt-in' provision . . . to read the statute as permitting, rather than prohibiting, notice in an

appropriate case.").  "By monitoring preparation and distribution of the notice, a court can ensure

that it is timely, accurate, and informative.  Both the parties and the court benefit from settling

disputes about the content of the notice before it is distributed."  *Hoffman-La Roche*, 493 U.S. at

172.

Notice is warranted to potential opt-in Plaintiffs in the instant case.  Plaintiffs' proposed

notice contains language that was previously approved by Judge Berman in *Diaz v. Scores*

*Holding Co., Inc.*, No. 07 Civ. 8718, 2008 WL 7863502, at *7 (S.D.N.Y. May 9, 2008).  This

Court likewise finds that the proposed notice is acceptable.

### D. Disclosure of Names and Contact Information of Potential Opt–In Plaintiffs

Plaintiffs additionally request that the Court direct Duane Reade to produce a Microsoft

Excel data file containing all potential collective action members' names, last known mailing

addresses, last known telephone numbers, last known email addresses, social security numbers,

work locations, and dates of employment.  Defendants have not stated any opposition to this

request.

As has been noted by a number of courts in this Circuit, "[c]ourts often grant this kind of request in connection with a conditional certification of an FLSA collective action." *Sexton v. Franklin First Financial, Ltd.*, No. 08 Civ. 4950, 2009 WL 1706535, at *13 (E.D.N.Y. June 16, 2009); *see also Vaughan*, 2010 WL 1528521, at *9 ("Courts within the Second Circuit typically grant this type of request when granting a motion for conditional certification of an FLSA collective action"); *Raniere*, 2011 WL 5881926, at *29. In *Damassia* and *Chowdhury*, however, Judge Lynch found that is was unnecessary and inappropriate to order Defendants to provide social security numbers of potential members of the collective action although he otherwise granted Plaintiffs' request for names, last known mailing addresses, and telephone numbers. *Damassia*, 2006 WL 2853971, at *8; *Chowdhury*, 2007 WL 2873929, at *6; *see also Guan Ming Lin v. Benihana Nat. Corp.*, 275 F.R.D. 165, 179 (S.D.N.Y. 2011) ("[P]laintiffs' request for the social security numbers of these employees remains premature and invasive of the employees' privacy."). This Court likewise finds that Plaintiffs have failed to justify the necessity of social security numbers and likewise denies this portion of the request.

The Court otherwise concludes that it is appropriate for Duane Reade to produce names, last known mailing addresses, last known telephone numbers, last known email addresses, work locations, and dates of employment of all ASMs employed by Duane Reade from three years from the filing of this Opinion and Order. Providing such information here would be neither unduly burdensome nor disruptive to Defendants. *See Sexton*, 2009 WL 1706535, at *13 (citation omitted). Defendants are hereby ordered to provide this information to Plaintiffs within twenty days of this Order.

### E. Posting Approved Notice

In addition, Plaintiffs request that Defendants post the approved notice at all locations where ASMs work. Defendants have stated no opposition to this request. Courts in this circuit also routinely grant such requests. *See, e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp.2d 445, 449 (S.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."); *Moung Su Kim v. Kap Sang Kim*, 2010 WL 2854463, at *1 (E.D.N.Y. July 19, 2010). Plaintiffs' request is likewise granted.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion for conditional certification of an FLSA collective is GRANTED. Plaintiffs' request to send the proposed notice to all ASMs employed by Duane Reade between January 7, 2009 and the present is GRANTED. Plaintiffs' request that Defendants' produce a Microsoft Excel data file containing all potential collective action members' names, last known mailing addresses, last known telephone numbers, last known email addresses, work locations, and dates of employment is GRANTED, but DENIED as to social security numbers. Defendants are ordered to produce such a file within twenty (20) days of this order. Plaintiffs' request that Duane Reade post the approved notice at all locations where ASMs work is GRANTED.

SO ORDERED.

Dated: New York, New York
January 26, 2012

J. PAUL OETKEN
United States District Judge

18