UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MANI JACOB and LESLEENA MARS, individually and on behalf of all others similarly situated,

                Plaintiffs,

-against-

DUANE READE, INC. and DUANE READE HOLDINGS, INC.,

                Defendants.

Case No.  11-Civ-0160 (JPO)(JCF)

**ECF CASE**

**ORAL ARGUMENT REQUESTED**

---

# DEFENDANTS DUANE READE, INC. AND DUANE READE HOLDING, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

---

**LITTLER MENDELSON, P.C.**
Craig R. Benson
Stephen A. Fuchs
Christine L. Hogan
900 Third Avenue
New York, NY 10022
212.583.9600

*Attorneys for Defendants*

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.   THE COURT SHOULD RECONSIDER ITS MARCH 20, 2013
     MEMORANDUM AND ORDER GRANTING CLASS CERTIFICATION................... 2

II.  THE COURT SHOULD REVERSE ITS GRANT OF CLASS CERTIFICATION
     UNDER RULE 23(B)(3) BECAUSE PLAINTIFFS HAVE NOT
     DEMONSTRATED THAT THE INDIVIDUAL DAMAGES CLAIMS CAN BE
     MEASURED ON A CLASSWIDE BASIS WITH COMMON PROOF .......................... 3

III. INTERVENING CASE LAW HAS CLARIFIED THAT THE STANDARDS
     ENUNCIATED IN WAL-MART V. DUKES SHOULD HAVE BEEN APPLIED
     IN THE INSTANT CASE ................................................................................................. 6

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

CASES

*Chinese Daily News, Inc. v. Wang,*
   132 S. Ct. 74 (2011)..................................................................................................................6

*Comcast Corp. v. Behrend,*
   No. 11-864, 2013 U.S. LEXIS 2544 (U.S. Mar.27, 2013) ............................................... passim

*Espinoza v. 953 Assocs., LLC,*
   280 F.R.D. 113 (S.D.N.Y. 2011) ..............................................................................................3

*Flores v. Anjost Corp.,*
   284 F.R.D. 112 (S.D.N.Y. 2012) ..............................................................................................3

*Jacob v. Duane Reade, Inc.,*
   No. Civ. 0160 (JPO), 2013 U.S. Dist. LEXIS 38675 (S.D.N.Y. Mar. 20, 2013) ..................5, 6

*Mendez v. Pizza on Stone, LLC,*
   No. 11 Civ. 6316 (DLC) 2012 U.S. Dist. LEXIS 108605 (S.D.N.Y. Aug. 1, 2012)................3

*Ramos v. SimplexGrinnell LP,*
   796 F. Supp. 2d 346 (E.D.N.Y. 2011) ......................................................................................3

*Randle v. Crawford,*
   604 F.3d 1047 (9th Cir. 2010) ..................................................................................................3

*RBS Citizens, N.A. v. Ross,*
   No. 12-165, 2013 U.S. LEXIS 2640 (U.S. Apr. 1, 2013)................................................1, 2, 7

*Roach v. T.L. Cannon Corp.,*
   No. 10 Civ.0591, 2013 U.S. Dist. LEXIS 45373 (N.D.N.Y March 29, 2013) ..................1, 4, 5

*Ross v. RBS Citizens, N.A.,*
   667 F.3d 900 (7th Cir. 2012) ....................................................................................................2

*Sch.l Dist. No. 1J v. ACandS, Inc.,*
   5 F.3d 1255 (9th Cir. 1993), *cert. denied,* 512 U.S. 1236 (1994)..............................................2

*Wal-Mart v. Dukes,*
   131 S. Ct. 2541 (2011) ..................................................................................................... passim

*Wang v. Chinese Daily News, Inc.,*
   623 F.3d 743 (9th Cir. 2010) ....................................................................................................6

TABLE OF CONTENTS
(CONTINUED)

PAGE

*Wang v. Chinese Daily News,*
  Nos. 08-55483, 08-56740. 2013 U.S. App. LEXIS 4423 (9th Circuit Mar. 4, 2013)....1, 3, 4, 7

*Youngblood v. Family Dollar Stores, Inc.,*
  No. 09-CV-3176 (RMB), 2011 U.S. Dist. LEXIS 115389 (S.D.N.Y. Oct. 4. 2011) .................7

**OTHER AUTHORITIES**

Local Civil Rule 6.3 ..................................................................................................................1, 2

Fed. R. Civ. P. 23 ...........................................................................................................................5

Fed. R. Civ. P. 23(a) ..................................................................................................................2, 3

Fed. R. Civ. P. 23(b)(3) ........................................................................................................ passim

Fed. R. Civ. P. 26 ...........................................................................................................................3

## PRELIMINARY STATEMENT

Pursuant to Local Civil Rule 6.3 of the Rules of this Court, Defendants move for reconsideration of the Court's March 20, 2013 Memorandum and Order Granting class certification. Defendants request that the Court reconsider its grant of class certification on the basis of intervening controlling authority - specifically, the United States' Supreme Court's March 27, 2013 decision in *Comcast Corp. v. Behrend,* No. 11-864, 2013 U.S. LEXIS 2544 (U.S. Mar.27, 2013) ("*Comcast*"), as well as the high court's April 1, 2013 remand of the decision of the United States Court of Appeals for the Seventh Circuit in a case involving a claim of unpaid overtime by a purported class of 1,129 Assistant Bank Managers "for further consideration in light of *Comcast Corp. v. Behrend,* 569 U.S. ___, 2013 U.S. LEXIS 2544 (2013)." *RBS Citizens, N.A. v. Ross,* No. 12-165, 2013 U.S. LEXIS 2640 (U.S. Apr. 1, 2013).

The above cases, as well as other intervening authority discussed below, demonstrate that the Court's March 20, 2013 Memorandum should be reconsidered because the individual monetary damages claims of the class members may not predominate over the claims for injunctive relief, and Plaintiffs have failed to prove that such damages claims can be established through class-wide proof, as required by Fed. R. Civ. P. 23(b)(3). *Comcast,* 2013 U.S. LEXIS 2544 at *19-20; *Roach v. T.L. Cannon Corp.,* No. 10 Civ.0591 (TJM/DEP), 2013 U.S. Dist. LEXIS 45373, at *9-10 (N.D.N.Y March 29, 2013) (modifying Magistrate's recommendation that class certification be granted in a wage-hour claim because plaintiffs did not offer a damages model separate from the question of liability).

In addition, the intervening authority demonstrates that the Court improperly distinguished *Wal-Mart v. Dukes, 131 S. Ct. 2541 (2011)* based upon both the differing claims and the scope of the class. *Wang v. Chinese Daily News,* Nos. 08-55483, 08-56740. 2013 U.S.

App. LEXIS 4423 at *11-15 (9th Circuit Mar. 4, 2013) (applying *Dukes* and finding that with respect to a proposed class of about 200 reporters working in a single facility asserting wage and hour claims, material differences exist, preventing a finding of commonality under Rule 23(a)). This intervening case law holds that the standards enunciated in *Dukes* are to be applied generally, and that class certification is not appropriate where, as here, each individual class members' claims for monetary damages must be individually measured and proved. Accordingly, the Court should reconsider and reverse its March 20, 2013 Memorandum and Order.

## ARGUMENT

I. **THE COURT SHOULD RECONSIDER ITS MARCH 20, 2013 MEMORANDUM AND ORDER GRANTING CLASS CERTIFICATION.**

Local Civil Rule 6.3 requires a party moving for reconsideration to set forth concisely "the matters or controlling decisions which counsel believes the Court has overlooked." *Id.* It is also well established that reconsideration is appropriate where the district court is presented with an intervening change in controlling law. *See, e.g., Sch.l Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied,* 512 U.S. 1236 (1994). Here, Defendants ask the Court to reconsider its March 20, 2013 decision on the basis of an intervening change in controlling law – the United States Supreme Court's March 27, 2013 decision in *Comcast,* and its April 1, 2013 remand of the wage and hour claims of Assistant Bank Managers in the case of *Ross,* No. 12-165, 2013 U.S. LEXIS 2640, *vacating and remanding Ross v. RBS Citizens, N.A.*, 667 F.3d 900 (7th Cir. 2012).

As will be demonstrated below, these decisions, as well as other intervening decisions, provide new direction concerning the requisite analysis of class claims in the wage and hour arena.

2

II. **THE COURT SHOULD REVERSE ITS GRANT OF CLASS CERTIFICATION UNDER RULE 23(B)(3) BECAUSE PLAINTIFFS HAVE NOT DEMONSTRATED THAT THE INDIVIDUAL DAMAGES CLAIMS CAN BE MEASURED ON A CLASSWIDE BASIS WITH COMMON PROOF.**

Plaintiffs' motion alleged that they had satisfied the requirements of Rule 23(b)(3), which require that questions of law or fact common to class members predominate over any questions affecting only individual members. In *Dukes,* the Court held that individual monetary claims are to be evaluated pursuant to Rule 23(b)(3). It held that when the class sought injunctive relief, there was no need for a case-specific inquiry as to whether class issues predominate, or whether a class action is a superior method of adjudicating the dispute. *Dukes,* 131 S.Ct. at 2558. However, "with respect to each class member's individualized claim for money, that is not so – which is precisely why (b)(3) requires the judge to make findings [of] predominance and superiority before allowing the class." *Id* at 2558-59. Despite this language, cases in this District applying the *Dukes* holding had previously uniformly held that neither the commonality requirement of Rule 23(a) nor the predominance requirement of Rule 23(b)(3) are violated by the need for an individualized assessment of the damages of each purported class member. *See, e.g., Mendez v. Pizza on Stone, LLC*, No. 11 Civ. 6316 (DLC) 2012 U.S. Dist. LEXIS 108605 at *28 (S.D.N.Y. Aug. 1, 2012); *Flores v. Anjost Corp.,* 284 F.R.D. 112, 126-127 (S.D.N.Y. 2012); *Espinoza v. 953 Assocs., LLC*, 280 F.R.D. 113, 128-129 (S.D.N.Y. 2011); *Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d 346, 356-357 (E.D.N.Y. 2011).[1]

---

[1] To the extent Defendants did not specifically argue in their opposition brief that, were Plaintiffs to prevail, each ASMs' entitlement to damages would have to be individually calculated, rendering class certification inappropriate under the *Dukes* standard, the decisions of this District subsequent to *Dukes* but prior to *Comcast* addressing this argument uniformly held in conclusory fashion that the need for individual calculations of damages for each class member in a wage hour claim did not defeat the requirements of Rule 26. *Mendez,* 2012 U.S. Dist. LEXIS 108605 at *28; *Flores,* 284 F.R.D.at 126-127; *Espinoza,* 280 F.R.D. at 128-129; *Ramos,* 796 F. Supp. 2d at 356-357. A party may raise new arguments not raised in their original brief if the issue arises because of an intervening change

3

The intervening decision by the Supreme Court in *Comcast* effectively invalidates the holdings of the above cited decisions that relegate the assessment of damages to a minor role in a Rule 23(b)(3) analysis. The *Comcast* Court squarely held that the question of individual damages must be assessed as an integral part of the requirement of *Dukes* that plaintiffs seeking class certification must "affirmatively demonstrate" with "significant proof" that class members "suffered the same injury." *Dukes,* 131 S.Ct. at 2551, 2553. *Dukes* also disapproved of any "trial by formula" wherein damages are determined for a sample set of class members and then extrapolated to the rest of the class "without further individualized proceedings," holding that employers are "entitled to individualized determinations of each employee's eligibility" for monetary relief. *Id.* at 2561; *Wang,* 2013 U.S. App. LEXIS 4423 at *15. The Supreme Court's decision in *Comcast* goes even further, and holds that *Dukes* requires not just that plaintiffs explain how damages will be calculated, but that Plaintiffs present a model of damages that can measure damages class-wide. *Comcast,* 2013 U.S. LEXIS 2544 at *15-16. *See also Wang,* 2013 U.S. App. LEXIS 4423 at *10-11 (the need to assess individual claims for monetary damages in a wage-hour claim for a class of approximately 200 had to be reconsidered under Rule 23(b)(3) in light of the holding in *Dukes*). In *Comcast,* the Court held that the Plaintiffs' model of damages fell far short of establishing that damages could be proved on a classwide basis. *Id* at *14.

In the first case in this Circuit applying *Comcast*, Judge McAvoy of the Northern District of New York, in a decision dated March 29, 2013, held in *Roach v. T.L. Cannon Corp.* that a New York state law wage and hour claim could not meet the predominance requirements of Rule 23(b)(3) because, pursuant to *Comcast,* plaintiffs did not offer a damages model susceptible of

---

in law, as is the case here. *Wang,* 2013 U.S. App. 4423 at *6-7 (citing *Randle v. Crawford,* 604 F.3d 1047, 1056 (9th Cir. 2010)).

4

measuring damages across the entire class. The Court held that *Comcast* requires rejection of plaintiffs' position that damages need not be considered for Rule 23 certification even if such damages are highly individualized. Accordingly, the Court reversed a Magistrate Judge's recommendation (issued prior to the *Comcast* decision) and rejected class certification based on that intervening authority. *Roach,* 2013 U.S. Dist. 45373 at *9.

In this case, Plaintiffs' motion contends, and the Court found, that Plaintiffs have met the requirements of Rule 23(b)(3) by showing that common issues predominate over individual issues, and that a class action is a superior method of litigating this action, *while ignoring the issue of damages. Jacob v. Duane Reade, Inc.*, No. Civ. 0160 (JPO), 2013 U.S. Dist. LEXIS 38675 at *32–52 (S.D.N.Y. Mar. 20, 2013). However, *Comcast* requires that a party seeking certification under Rule 23(b)(3) put forth a model that can measure damages on a class-wide basis. *Comcast,* 2013 U.S. LEXIS 2544 at *15-16. In this case, Plaintiffs have made no attempt, either in their moving brief or in their reply, to propose such a model, nor can they, because damages in this case are inherently individualized.

Were this case to proceed to trial, and were Plaintiffs to prevail on the issue of liability, the jury would be required to undergo a time-consuming, painstaking review of the eligibility of each of the approximately 750 class members for unpaid overtime pay, and to calculate how much overtime pay each individual was entitled to receive. For each class member, whether or not he or she was entitled to overtime in any pay period would first require a determination of whether or not the individual worked in excess of 40 hours in any individual pay period. Each employee's hours of work for each week would have to be compared to their biweekly pay, a regular rate would have to be calculated, and overtime pay for each pay period for each class member would have to be individually calculated. The record shows that the class members

testified as to a varying range of hours worked, making no uniform calculation method possible. Fuchs Decl. in Opp. to Motion for Class Certification ("Fuchs Decl."), Ex. 10 (Crooks Dep.) at 133:13-23 (Crooks worked 40-60 hours each week and averaged 50); Ex. 12 (Diop Dep. 102:4-8) (Diop allegedly worked 60-65 hours each week); Ex. 29 (Neuner Dep. 93:8-21) (Neuner worked 55 hours each week).

Accordingly, Plaintiffs have not, and cannot, present a model for measuring damages on a classwide basis, and the court should reconsider and reverse its finding that they have met the requirements of Rule 23(b)(3).

### III. INTERVENING CASE LAW HAS CLARIFIED THAT THE STANDARDS ENUNCIATED IN *WAL-MART V. DUKES* SHOULD HAVE BEEN APPLIED IN THE INSTANT CASE.

In its March 20, 2013 decision, the Court distinguished *Dukes* in a footnote because, *inter alia,* the claims in *Dukes* "involved a nationwide class of women alleging disparate impact discrimination on the part of a corporate entity allowing massive discretion among its local managers; this case involves the 700 or so DR employees working in the particular position of ASM who are uniformly exempt from the overtime payment structure of the NYLL." *Jacob,* 2013 U.S. Dist. LEXIS 38675 at n.1, *25-26. The Court should reconsider this distinction[2] in light of the intervening authority establishing that *Dukes* applies in the context of wage and hour claims. In *Wang v. Chinese Daily News, Inc.,* 623 F.3d 743 (9th Cir. 2010) the Court of Appeals for the Ninth Circuit had affirmed a grant of class certification and trial verdict relating to a class of approximately 200 reporters who alleged violations of the FLSA and California Law. *Id.* The United States Supreme Court vacated and remanded the Ninth Circuit's decision for

---

[2] The Court also distinguished *Dukes* because the claims in that case relied upon the broad discretion granted to the supervisors of the class members. *Id.* The Court's reliance on this aspect of the *Dukes* case does not distinguish it from the instant case, as in this case both parties argued in their motion papers that the day to day activities of the ASMs varied significantly based upon the decisions and discretion of their immediate supervisors, their Store Managers. *See* Def. Opp. Brf. at p. 20; Pl. Reply Brf. at p. 3.

6

reconsideration in light of the holdings of *Dukes*. *Chinese Daily News, Inc. v. Wang*, 132 S. Ct. 74 (2011).[3] On remand, in a decision dated March 4, 2013, the Court of Appeals reversed itself and squarely held that *Dukes* applies to smaller wage and hour class actions. It vacated the District Court's finding of commonality, remanding it to determine whether or not the claims of the class could be resolved pursuant to the requirements of *Dukes* – "in one stroke." *Wang*, 2013 U.S. App. LEXIS 4423 at *9-10.

The Supreme Court further clarified the applicability of *Dukes* to cases like the instant case in its April 1, 2013 remand of the *Ross* case. In *Ross*, the Seventh Circuit[4] had distinguished *Dukes* because of the smaller size and scope of the class (1,129 Assistant Bank Managers in Illinois) and the type of proof that the *Dukes* Plaintiffs were required to offer. *Ross* involved exactly the types of facts at issue in the instant case, and the same rationale for distinguishing *Dukes*. Nevertheless, the United States Supreme Court vacated the *Ross* decision for reconsideration in light of its decision in *Comcast*. *Ross*, 2013 U.S. LEXIS 2640. The Court should reconsider its prior opinion in this case for the same reason.

It is now clear that the emphasis in *Dukes* on common questions with common answers is applicable to the type of claims presented in this case, including the claims for damages. Accordingly, the Court should reconsider its March 20, 2013 decision holding common questions predominate and find that in light of *Comcast* the Plaintiffs cannot satisfy Rule 23(b)(3).

---

[3] Defendants cited the remand of *Wang* by the Supreme Court in its opposition to Plaintiff's motion, but this holding was not addressed by either the Court or Plaintiffs. (Def. Opp. Brf. at pp. 2, 22, fn. 43).
[4] *Youngblood v. Family Dollar Stores, Inc.,* No. 09-CV-3176 (RMB), 2011 U.S. Dist. LEXIS 115389 (S.D.N.Y. Oct. 4. 2011), a case cited repeatedly by Plaintiffs in their papers and cited by the Court in its March 20, 2013 decision, also distinguished *Dukes* on the same bases. As revealed by the intervening case law cited herein, this distinction was improper.

## CONCLUSION

For the reasons set forth above, the intervening change in the law indicates that the Court should reconsider and reverse its March 20, 2013 decision granting class certification.

Date: April 3, 2013
New York, New York

Respectfully submitted,

/s/
Craig R. Benson
Stephen A. Fuchs
Christine L Hogan

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022
212.583.9600

*Attorney for Defendants*

Firmwide:119491213.2 049444.1073