

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Stephen A. Fuchs
212.497.6845 direct
212.583.9600 main
347.287.6843 fax
sfuchs@littler.com

October 25, 2013

**FILED VIA ECF**

Hon. James C. Francis
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Jacob and Mars v. Duane Reade Inc. and Duane Reade Holdings Inc.*
            **Case No. 11-Civ-0160 (JPO)(JCF)**

Dear Magistrate Judge Francis:

      This firm represents Defendants in this action ("Defendants" or "Duane Reade"). We write in response to Mr. Scimone's correspondence to the Court dated October 23, 2013.

      Mr. Scimone's statements are inaccurate and misleading, as they fail to describe Defendant's efforts to date to identify the cost and effort needed to search, review and produce emails of its District Managers. Moreover, after claiming that "Defendants refuse to continue [gathering information regarding the requested search] unless Plaintiffs pay the cost," Plaintiffs fail to mention until the third paragraph of its argument that Defendants have reasonably asked them only to *split* the cost of the uploading and searching of this data, which is estimated at $8,000 total – meaning that Defendants have asked Plaintiffs to bear approximately $4,000 of this initial process. Despite the circumstances of this request, Plaintiffs claim that it is Defendants who are being unreasonable.

      Plaintiffs neglect to describe the extensive, time consuming efforts of Defendant to comply with the Court's August 28, 2013 Order. Specifically, Defendants' representatives have:

1. reviewed the availability, accessibility and location of the data requested;

2. determined that it exists in a compressed archived format, which is not readily accessible;

3. estimated the size of the data requested;

4. determined the process, equipment, and estimated costs necessary to restore the data internally, as well as the estimated time for completion of such a project;

Hon. James C. Francis
United States Magistrate Judge
October 25, 2013
Page 2

5. communicated the estimated internal costs associated with restoring the data in question, and the estimated timeframe for project completion, to Plaintiffs' counsel (a significant cost figure running in the six figures primarily because of hardware that would need to be purchased);

6. in order to determine whether an outside vendor could restore the data at a more reasonable cost, created a restoration workflow outline for use by outside vendors — facilitates outside vendors creating accurate cost estimates;

7. negotiated and obtained the best prices from several vendors for the cost of hosting and searching the data;

8. estimated the cost of review based upon the estimated size of the data;[1]

9. provided these estimates to counsel for Plaintiffs, and then meet and conferred regarding the available options;

10. met and conferred with Plaintiffs regarding splitting the associated vendor restoration costs.

Despite this expenditure of time, effort, and counsel fees, Plaintiffs' response has simply been to ask Defendants to go ahead with the searches, and they have refused to assume any of the cost of doing so.

Plaintiffs' argument that Defendants have failed to show that the cost of this production should be shifted, in any degree, again fails to even address the basis of Defendants' motion for a protective order. Defendants do not argue that the information is inaccessible because of undue burden or purely because of the new expense this requested production would incur. Defendants' position is, and always has been, that the information requested is unduly cumulative and duplicative of the information produced in 2011, violating the relevancy and proportionality requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(i), and 26(b)(2)(C)(ii), respectively. This is because the 2011 productions ran nearly identical search terms in the email boxes of the management custodians subordinate to the District Managers (specifically, 24 stores selected by the parties and communications by the District Managers to the Store Management team – Store Managers, the class member Assistant Store Managers, and Shift

---

[1] The estimated cost of review is inaccurate until the data is uploaded, hosted and searches are run, yielding a number of actual documents that need to be reviewed. Nevertheless, based upon assumptions as to the size of the data using metrics from the 2011 searches, the estimated size of the data to be reviewed has been assumed to be **33 gigabytes.** The cost to review this amount of data has been estimated by Defendants' vendors at $125,000. This estimate could increase once the searches are conducted. This estimate has been communicated to Plaintiffs' counsel, and is part and parcel of the costs of their untimely discovery request. To date, Defendant has only asked that Plaintiffs assume half the cost of uploading, hosting and restoring the requested data, but intend to ask Plaintiffs to cover the additional cost of review of the data as well.

Hon. James C. Francis
United States Magistrate Judge
October 25, 2013
Page 3

Leaders) as well as 18 members of upper management who supervised the District Managers – including their direct supervisors, Regional Operations Managers Greg Calvano and Bill Keenan. This entire delay in the completion of discovery is taking place because Plaintiffs made the strategic decision in 2011 not to request this data, but have since reconsidered. They therefore have had ample time to obtain this information in the normal course of discovery. Fed. R. Civ. P. 26(b)(2)(C)(ii).

Moreover, the cost alone of the 2011 production of ESI to Defendant was well over $100,000, exclusive of the substantial attorneys' fees incurred in conducting extensive electronic discovery. Plaintiffs' position that Defendants should bear all the additional expense of searching for emails that should have been part of the 2011 ESI disclosures is unreasonable and unwarranted.

The additional burden and expense of the new proposed search outweighs its likely benefit because the information requested is cumulative and duplicative of what was requested and produced in 2011. Fed. R. Civ. P. 26(b)(2)(C)(iii). Under these circumstances, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure." Fed. R. Civ. P. 26(b)(2)(C). *See, e.g., Assured Guaranty Municipal Court v. UBS Real Estate Security Assurance, Inc.,* 12 Civ. 1579 (HB)(JCF), 2013 U.S. Dist. LEXIS 417 (S.D.N.Y. May 25, 2013) in which this Court declined to compel discovery from additional custodians after earlier discovery of ESI had taken place because "there is no good reason here to believe that the two [additional custodians] had custody of relevant documents that other non-lawyer custodians did not possess." *Id.,* 213 U.S. Dist. LEXIS 41785 at **9-14. Plaintiffs still have not addressed this essential point.

Here, although Plaintiffs should bear all the cost of their untimely request for ESI, in an effort to cooperate and move this action forward Defendants have gone above and beyond their obligations, and offered to split the initial cost of producing, hosting and searching the data requested. They ask Plaintiffs to bear approximately $4,000 of the first round of expenses to be incurred because of their 2011 oversight. Plaintiffs' refusal to bear even this modest expense, under these circumstances, is unreasonable, and should not be endorsed by the Court.

Accordingly, the Court should deny Plaintiff's latest request, and order them to bear all costs and expenses incurred in locating and producing the documents requested in their Sixth Request for Production of Documents. Alternatively, the Court should grant Defendants' motion for a protective order denying Plaintiff discovery as to the subject matter of their Sixth Request for Production of Documents.

Hon. James C. Francis
United States Magistrate Judge
October 25, 2013
Page 4

       Defendants thank the Court for its courtesy, patience and consideration in this regard.

Respectfully submitted,

Stephen A. Fuchs

cc:    Michael Scimone, Esq. (via ECF)
        Molly Brooks, Esq. (via ECF)
        Fran Rudich, Esq. (via ECF)
        Adam Klein, Esq. (via ECF)