## OUTTEN & GOLDEN LLP

**COURTESY COPY**

*Advocates for Workplace Fairness*

**MEMO ENDORSED**

October 23, 2013

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/29/13

**Via ECF**
The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Jacob, et al. v. Duane Reade, Inc., et al.*, No. 11 Civ. 160 (JPO) (JCF)

Dear Judge Francis:

We represent Plaintiffs and the class and collective in the above-referenced matter. We write to update the Court on the parties' ongoing dispute regarding Defendants' motion for a protective order. Although Defendants have finally taken initial steps to comply with the Court's instruction that they gather facts to support their motion, they now refuse to continue doing so unless Plaintiffs pay the cost. Defendants' position is unreasonable and obstructive.

Plaintiffs served the document requests at issue on May 24, 2013. Defendants raised several objections, to which Plaintiffs responded by serving revised document requests on July 2, 2013. After several more weeks of negotiation, Defendants filed the instant motion on July 30, 2013, seeking a protective order, or, in the alternative, to shift the cost of producing the requested documents to Plaintiffs. Because Defendants did not support their motion with a cost estimate, the Court instructed Defendants during a telephonic conference on August 28, 2013 to obtain one. On September 18, 2013, Defendants wrote to the Court with an estimate based not on a vendor's report, but on Defendants' own evaluation. On September 26, 2013, the Court scheduled an evidentiary hearing on Defendants' motion. On October 10, Defendants finally informed Plaintiffs that they had consulted with a vendor about the cost of compiling a hit list which would inform the parties and the Court of the size of the data set, the number of documents at issue, the cost of extracting, hosting, and producing the data, and the approximate time needed for Defendants' privilege review. The vendor estimated that the cost of running the search would be between $5,000 and $8,000.

Now, nearly three months after filing their motion, Defendants refuse to pay to run that preliminary search. They have instead taken the position that Plaintiffs should pay at least half of the cost of supporting Defendants' motion, arguing that Plaintiffs' requests are so facially unreasonable that Defendants should not even have to provide evidence that the searches are unduly burdensome.

3 Park Avenue, 29th Floor, New York, NY 10016  Tel 212-245-1000  Fax 646-509-2060
203 North LaSalle Street, Suite 2100, Chicago, IL 60601  Tel 312-924-4888  Fax 646-509-2075
og@outtengolden.com   www.outtengolden.com

The Honorable James C. Francis
October 23, 2013
Page 2 of 3

Defendants' position puts the cart before the horse. To meet their burden to justify a protective order, Defendants must make a showing that the emails sought are not reasonably accessible due to undue burden or cost. Fed. R. Civ. P. 26(b)(1)(B). If Defendants make that showing, the Court may then determine whether good cause exists to allow the production under Fed. R. Civ. P. 26(b)(1)(C), considering, *inter alia*, the expense, the likely benefit, the needs of the case, and the amount in controversy. Although courts may consider cost-shifting, once these showings have been made, cost-shifting should be considered "*only* when electronic discovery imposes an 'undue burden or expense' on the responding party." *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003) (emphasis in original). Shifting costs at the outset, as Defendants seek to do here, reverses the Supreme Court's instruction that "the presumption is that the responding party must bear the expense of complying with discovery requests." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).

Defendants' attempt to shift the cost of meeting their own evidentiary burden on this motion is even less justified. Defendants should either cooperate by agreeing to run the searches (particularly if their cost turns out to be modest), or should support their motion with evidence that the cost is excessive. *See Assured Guar. Mun. Corp. v. UBS Real Estate Sec. Inc.*, No. 12 Civ. 1579 HB JCF, 2012 WL 5927379, at *4 (S.D.N.Y. Nov. 21, 2012).

Although the cost that Defendants ask Plaintiffs to share is modest, Defendants' position is patently unreasonable, and serves only to further delay discovery. Plaintiffs' document requests have now been pending approximately five months. With discovery currently set to close on December 31, 2013, Defendants' delay tactics now threaten to outrun the current calendar. Plaintiffs therefore ask that the Court order Defendants to run the preliminary search at their expense and to file a letter with the Court within 10 days reporting the results of the search. Plaintiffs also request that the Court order Defendants to notify the Court within one week of completing the search whether they have reached agreement with Plaintiffs on which party should bear the costs of production or renew their motion for cost-shifting. Finally, Plaintiffs ask that the Court set a deadline of three weeks for Defendants to complete production of the requested documents.

We thank the Court for its attention to this matter.

Respectfully submitted,

Michael J. Scimone

cc (via email):
    Craig R. Benson, Esq.
    Stephen A. Fuchs, Esq.
    Christine L. Hogan, Esq.

*Handwritten annotation:* 10/29/13 Application granted. Defendants were directed three months ago to support their cost estimates for the additional electronic discovery. SO ORDERED. James C. Francis IV USMJ

The Honorable James C. Francis
October 23, 2013
Page 3 of 3

    Seth R. Lesser, Esq.
    Fran L. Rudich, Esq.
    Michael J. Palitz, Esq.
    Rachel Aghassi, Esq.
    Adam T. Klein, Esq.
    Molly Brooks, Esq.