UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/14
```

MANI JACOB and LESLEENA MARS, individually
and on behalf of all others similarly situated,

    Plaintiffs,

-against-

DUANE READE, INC. and DUANE READE
HOLDINGS, INC.

    Defendants.

11 Civ. 0160 (JCO) (JCF)

## STIPULATION AND [~~PROPOSED~~] SCHEDULING ORDER REGARDING TECHNOLOGY ASSISTED REVIEW

WHEREAS, Littler Mendelson P.C. ("Littler") and Outten & Golden LLP ("O&G") are currently representing their respective clients in the matter known as *Jacob v. Duane Reade, Inc., et al.* (the "Action");

WHEREAS, Littler and O&G have negotiated search and collection protocols to identify a pool of data likely to contain relevant district manager e-mail correspondence and attachments responsive to Request No. 1 of Plaintiffs' Revised Sixth Request for the Production of Documents;

WHEREAS, these negotiated search and collection protocols have resulted in the identification of approximately 116,000 e-mail messages and related documents ("the Data") which must now be reviewed for relevance, responsiveness, and privilege;

WHEREAS, in order to limit the costs associated with this review, Littler and O&G have agreed to use a Technology Assisted Review ("TAR") tool, specifically Equivio Zoom;

WHEREAS, Defendant Duane Reade, Inc. ("Duane Reade") has hired D4 as its agent/ consultant to provide licenses for and access to Equivio Zoom, Equivio Relevance, and kCura Relativity, as well as related data hosting and litigation services;

WHEREAS, Plaintiffs have previously retained D4 in this action as Plaintiffs' consultant and eDiscovery vendor for data hosting and litigation services;

IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED, by and among counsel for the parties herein, and it is hereby ORDERED by the Court, that the parties will adhere to the following protocol in reviewing and producing electronically stored information:

1.  The parties will take steps to ensure that D4 will keep the Data separate and apart from all data that D4 is hosting for Plaintiffs in this action.

2.  The parties will take steps to ensure that D4's personnel working with Duane Reade and Littler in this action shall be separate and distinct from personnel working with O&G in this action; that the D4 personnel working separately for Duane Reade and Littler or O&G shall not discuss amongst themselves, or otherwise communicate, the directives being given to them by counsel or the work done on behalf of their respective clients; that the D4 personnel working for Duane Reade or Littler shall not communicate directly with O&G; that the D4 personnel working for O&G shall not communicate directly with Duane Reade or Littler; and that D4 personnel shall not provide O&G access to Duane Reade's data without express written instructions to do so.

3.  Defendants will use Equivio Zoom to randomly select documents to create a training batch ("Seed Set") from the Data. The Seed Set will be reviewed and coded by Christine L. Hogan and Stephen A. Fuchs using Equivio Zoom. After the Seed Set has been coded, Littler will report richness levels to O&G, and will produce to O&G the Seed Set documents coded as responsive and non-privileged. Duane Reade will not turn over to O&G items from Seed Set coded as being privileged or non-responsive.

4.  Following the initial coding of the Seed Set, Equivio Zoom will create batches for the assessment round ("Assessment Sets"). Christine L. Hogan and Stephen Fuchs will review and code the Assessment Sets using Equivio Zoom. After the Assessment Sets have been coded, Littler will report richness levels to O&G, and will produce to O&G Assessment Set documents coded as responsive and non-privileged. Duane Reade will not turn over to O&G items from

- 2 -

Assessment Sets coded as being privileged or non-responsive.

5. After coding the Assessment Sets, Littler will report to O&G the distribution of how documents are ranked by Equivio Zoom, the number of documents grouped within each ranking, and the richness level at each ranking.

6. O&G will propose the rank down to which Littler will review documents for responsiveness and privilege. O&G's determination regarding the rank down to which Littler will review will be done in good faith. O&G expressly agrees to limit the scope of its request to that which is necessary for it to have confidence in the process and to do so with an eye toward limiting the costs and attorneys' fees expended in the course of this review. Duane Reade reserves the right to challenge the test rank chosen by O&G in the event it does not appear to be in good faith, or appears more than is necessary to ensure O&G's confidence in the process.

7. Defendants will use Equivio Zoom to create batches for one round of follow-up quality control testing ("Quality Control Sets") from among those documents ranked lower than the rank to which Littler will review, using a confidence level of 95% with a margin of error of +/- 2%. Littler will report to O&G the number of documents being sampled for the Quality Control Sets. Christine L. Hogan and Stephen A. Fuchs will review and code the Quality Control Sets using Equivio Zoom. After the Quality Control Sets have been coded, Littler will report to O&G the rate of documents whose responsiveness designation was overturned by the reviewers, and will produce to O&G those non-privileged documents that were overturned from nonresponsive to responsive. Duane Reade will not turn over to O&G items from Quality Control Sets coded as being privileged or non-responsive.

8. If either party believes that the Data should be re-trained or re-coded based on the results of the quality control testing, the parties will meet and confer in good faith to determine whether any such adjustments should be made.

9. Documents deemed responsive under the agreed protocol following the completion of the final review process will be screened by Littler for privilege. Documents identified as being privileged will be withheld. However, withheld items will be entered on a

- 3 -

privilege log, which will be produced to O&G. Non-privileged responsive documents will be produced to O&G.

10. The parties will separately enter into a Clawback Agreement, which will apply to the production of documents in this case, and specifically, the production of documents under this Protocol.

11. Duane Reade will pay D4's fees for the services outlined above. However, the parties understand and agree that Duane Reade specifically reserves the right to seek cost shifting with respect to all or part of these fees should there be adequate grounds for doing so.

12. Defendants will produce a privilege log as well as documents responsive to Request No. 1 of Plaintiffs' Revised Sixth Request for the Production of Documents on or before April 9, 2014.

13. All discovery shall be completed by June 13, 2014.

14. The pretrial order shall be submitted by July 25, 2014 unless any dispositive motion is filed by that date. If such a motion is filed, the pretrial order shall be due thirty days after that motion is decided.

Dated: New York, New York
March 19, 2014

OUTTEN & GOLDEN, LLP

By: _____
Adam T. Klein
Molly A. Brooks
Michael J. Scimone
3 Park Avenue, 29th Floor
New York, NY 10016
Tel: (212) 245-1000

KLAFTER OLSEN & LESSER
Seth R. Lesser
Fran L. Rudich
Michael J. Palitz

LITTLER MENDELSON, P.C.

By: _____
Craig R. Benson
Stephen A. Fuchs
Christine L. Hogan
900 Third Avenue
New York, New York 10022
Tel: (212) 506-1700

*Attorneys for Defendants*

- 4 -

Rachel Aghassi
Two International Drive, Suite 350
Rye Brook, New York 10573
Tel: (914) 934-9200

GOTTLIEB & ASSOCIATES
Jeffrey Gottlieb
Dana Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795

*Attorneys for Plaintiffs, the Class, and the Collective*

**SO ORDERED:**

*/s/ James C. Francis IV*
Hon. James C. Francis IV
United States Magistrate Judge       3/20/14

(This resolves Docket no. 149)