# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANI JACOB and LESLEENA MARS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> DUANE READE, INC. and DUANE READE HOLDINGS, INC., <br><br> Defendants. | Case No.  11-Civ-0160 (JPO)(JCF) <br><br> **ECF Case** <br><br> **JOINT CONDITIONAL STIPULATION OF SETTLEMENT AND RELEASE** |

This Joint Conditional Stipulation of Settlement and Release (collectively, the "Agreement") is entered into by and between Plaintiffs and the class of individuals that they seek to represent (as hereinafter defined ) and Defendants Duane Reade Inc. and Duane Reade Holdings, Inc.

## I.    RECITALS

WHEREAS, on January 7, 2011 a lawsuit titled *Mani Jacob v. Duane Reade Holdings, Inc., Duane Reade, Inc. and Walgreen Co.*, case no 11-Civ-0160 ("the Jacob Action") was filed in the United States District Court for the Southern District of New York; and

WHEREAS, on January 7, 2011, a lawsuit titled *Lesleena Mars v. Duane Reade Inc. et al.,* case no 11-cv-001107-DLI-VVP ("the Mars Action") was filed in the United States District Court for the Eastern District of New York, and

WHEREAS, on March, 3, 2011, the Jacob Action was amended, adding Lesleena Mars as a Plaintiff, and

WHEREAS, on March 23, 2011, the Mars Action was voluntarily dismissed, and

WHEREAS, on March 23, 2011, Walgreen Co. was voluntarily dismissed as a Defendant in the Jacob case without prejudice; and

WHEREAS, on March 24, 2011, Plaintiffs Jacob and Mars filed a Second Amended Complaint against Defendants Duane Reade Inc. and Duane Reade Holdings, Inc. (hereafter referred to as "the Litigation"), fixing the beginning of the proposed class period as January 8, 2009; and

WHEREAS, the Jacob Action, as amended, asserted class claims under the New York Labor Law ("NYLL") and collective claims under the Fair Labor Standards Act ("FLSA"), alleging that Defendants had misclassified Duane Reade Inc.'s Assistant Store Managers as exempt from the overtime requirements of the FLSA and the NYLL, and sought recovery of unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs, as well as injunctive and declaratory relief under the NYLL; and

WHEREAS, Defendants denied and continue to deny all of the allegations made by Plaintiffs in the Litigation (as hereinafter defined), and have denied and continue to deny any and all wrongdoing, or that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation, and make no concession whatsoever; maintain that all of Defendants' Assistant Store Managers were and always have been properly classified as exempt employees, and that no overtime pay of any kind is owed to them; that for any purpose other than settlement, the Litigation is not suitable or appropriate for class or collective action pursuant to either Fed. R. Civ. P. 23(a) or 29 U.S.C. § 216(b); that, without admitting or conceding any liability or damages whatsoever, Defendants have nonetheless concluded that the further defense of the litigation would be protracted and expensive, and have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense,

2

and uncertainty of continuing the Litigation; and

WHEREAS, Class Counsel (as hereinafter defined) has litigated the Litigation for over five years, during which time they have defended depositions of Plaintiffs and opt-in Plaintiffs, reviewed and analyzed hundreds of thousands of documents produced by Defendants, taken depositions of Defendants' witnesses, filed motions for class and collective certification (which the Court granted), and continued to litigate class certification through reconsideration and appeal (upon which certification was in principle part upheld); and

WHEREAS, the settlement described herein is intended to resolve all claims raised in, and related to, the Litigation referenced above; and

WHEREAS, Defendants, through their counsel, and the Plaintiffs, through their counsel, engaged in a series of arms-length negotiations, including with the assistance of an experienced mediator, Martin Scheinman, Esq; and

WHEREAS, a full-day mediation session was held on July 13, 2016, with the mediator Martin Scheinman, Esq, which did not result in an on-site settlement, but continued through negotiations between counsel, resulting in an agreement on the amount and general terms of the settlement; and

WHEREAS, Counsel for the parties thereafter negotiated the terms of this Joint Conditional Stipulation of Settlement and Release and all associated exhibits (collectively, "the Stipulation."); and

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Plaintiffs, the Class, and the FLSA Collective (as hereinafter defined); and

WHEREAS, based upon their analysis and their evaluation of a number of factors, and

recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Class;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions.

1.    **DEFINITIONS**

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1    **Class Action Complaints.**  "Class Action Complaints" shall mean the Complaint, the Amended Complaint, and the Second Amended Complaint filed by Plaintiffs in *Jacob et al. v. Duane Reade Inc. et al.* case no 11 Civ. 160 (S.D.N.Y.) (JPO) (JCF).

1.2    **Class; Class Member.**  "Class" shall mean all persons who have worked as Assistant Store Managers at Duane Reade retail drugstores in the State of New York at any time from January 8, 2009 to November 3, 2016.  A member of the class is a "Class Member."

1.3    **Claims Administrator:**  "Claims Administrator" shall mean the class action claims administrator mutually selected by the parties.

1.4    **Class Counsel**:  "Class Counsel" shall mean Outten & Golden, LLP, Klafter, Olsen & Lesser, LLP; and Gottlieb & Associates.

4

1.5 **Court.** "Court" shall mean the United States District Court for the Southern District of New York, the Honorable J. Paul Oetken, presiding.

1.6 **Covered Period.** "Covered Period" shall mean the time period of employment of Class Members (as defined above) covered by this Agreement, which shall commence January 9, 2009 through November 3, 2016.

1.7 **Covered Position.** "Covered Position" shall mean Duane Reade's Assistant Store Manager position.

1.8 **Defendants.** "Defendants" shall mean Duane Reade Inc. and Duane Reade Holdings, Inc. and all their affiliates, parents, subsidiaries, divisions, and/or other related entities, including Walgreen Co., and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, fiduciaries, employees, successors, assigns and representatives.

1.9 **Defendants' Counsel**. "Defendants' Counsel" shall mean Littler Mendelson, P.C. For purposes of providing any notices required under this Agreement, Defendants' Counsel shall refer to Craig R. Benson, Littler Mendelson, P.C., 900 Third Avenue, New York, New York, 10022-4834.

1.10 **Effective; Effective Date**. "Effective" shall mean the occurrence of all of the following, and "Effective Date" shall be the date that all of the following have occurred:

    (1)    the Court has entered Judgment and ruled on the motions for awards of service payments for Plaintiffs pursuant to Section 3.5 and for attorneys' fees and reasonable costs pursuant to Section 3.4; and

(2)     the Judgment and the rulings on such motions have become Final.  "Final" means the later of:

(a)     The time for seeking rehearing or reconsideration and/or appellate review has expired and there is no one with standing to seek such review; or

(b)     If rehearing, reconsideration and appellate review is sought, after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired, and the Judgment and rulings on service awards and attorneys' fees and reasonable costs have not been modified, amended or reversed in any way.

(c)     The time for Participating Class Members (as defined herein) to sign and mail the Claim Form and Release has expired.

**1.11   Employer Payroll Taxes.**  "Employer Payroll Taxes" shall mean any and all applicable employer tax contributions associated with payments made to Class Members and FLSA Collective Members under this Agreement, including but not limited to Defendants' share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to Section 3.7(A).  Any such payroll taxes ordinarily borne by the employer shall be paid out of the Settlement Payment.  The employee portion of all applicable payroll taxes shall not be Defendants' responsibility.  Any tax responsibility for

the non-wage portion of the payments to Participating Class Members shall not be Defendants' responsibility.

1.12 **Fairness Hearing.** "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

1.13 **FLSA Collective; FLSA Collective Member.** The "FLSA Collective" shall consist of all persons who have worked as Assistant Store Managers at Duane Reade retail drugstores at any time from January 8, 2009 to November 3, 2016, who have previously filed consent-to-join forms with the Court during the Litigation. A member of the FLSA Collective is a "FLSA Collective Member."

1.14 **Litigation. "**Litigation" shall mean *Jacob et al. v. Duane Reade, Inc. et al.*, Case No. 11-Civ-0160 (JPO) (JCF), pending in the United States District Court for the Southern District of New York.

1.15 **Net Settlement Payment.** "Net Settlement Payment" shall mean the remainder of the Settlement Payment described in Section 3.1 after deductions for payment of the Claim Administrator's fees as described in Section 2.1, court-approved attorneys' fees and costs as described in Section 3.4, and court-approved service payments to Plaintiffs as described in Section 3.5, and after setting aside the reserve fund described in Section 3.3(E), state and federal payroll taxes as described in 3.7(C).

1.16 **Average Settlement Payment.** "Average Settlement Payment" shall mean the Net Settlement Payment divided by the number of class members, estimated to be $_____.

1.17 **Order Granting Final Approval.** "Order Granting Final Approval" shall mean the final Order entered by the Court after the Fairness Hearing.

1.18 **Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

1.19 **Plaintiffs.** "Plaintiffs" shall mean Mani Jacob and Lesleena Mars.

1.20 **Participating Class Member.** "Participating Class Member" shall mean a Class Member, including Plaintiffs (as defined in Section 1.19, above) who does not opt out and who meets the requirements regarding the execution and return of a valid and timely Claim Form and Release as set forth in Sections 2.5 and 3.2, as well as all FLSA Collective Members. Participating Class Members shall be bound by the Released FLSA Claims portion of the Release if the Effective Date (as defined herein) occurs.

1.21 **Released FLSA Claims.** "Released FLSA Claims" means any and all law claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendants, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.,* that were asserted in the Litigation or could have been asserted in the litigation and accrued during the period ending on the date 30 days after the date of the Order Granting Preliminary Approval, for claims for wages, penalties, liquidated damages, interest, attorney's fees, litigation costs, or equitable relief.

**1.22** **Released non-FLSA Claims.** "Released Non-FLSA Claims" means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendants arising under the NYLL, that were asserted in the Litigation or could have been asserted in the litigation and accrued during the period ending on the date 30 calendar days after the date of the Order Granting Preliminary Approval, for applicable New York state and local law, or other wage and hour law or regulation, that accrued during the period ending on the date thirty (30) calendar days after the Preliminary Approval Date, for any type of relief relating to claims under the FLSA or NYLL, including without limitation, claims for wages, damages, premium pay, unpaid costs, expenses, penalties (including any applicable late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) all claims asserted or which could have been asserted in the Class Action Complaint (as defined above) which arose under the facts alleged and/or applicable state or local wage and hour laws and regulations; (b) all claims under applicable New York state or local laws and regulations for the failure to pay any type of overtime compensation, penalties, liquidated damages, interest, attorney's fees, litigation costs, or equitable relief (including late payments of wages or business expenses); (c) all claims arising under any applicable New York state or local laws or regulations for the failure to provide or pay for meal periods and/or rest periods; (d) all claims under applicable New York state or local laws or regulations, including but not limited to alleged recordkeeping violations, stemming from or based on alleged

misclassification; and (e) all claims for penalties or additional damages arising from the claims described in (a) through (d) inclusive above under applicable state or local law.  The Released Non-FLSA Claims are the claims meeting the above definition under any and all applicable New York state and local statutes or regulations, including any federal, state or local claims related to any claim for benefits arising from any Settlement Payment under this Joint Conditional Stipulation of Settlement and Release, including but not limited to the Employee Retirement Income Security Act. The New York state wage and hour laws covered by the released Non-FLSA Claims are:

- 12 N.Y.C.R.R. § 142-2.1 et seq. (including, but not limited to, § 142-2.2, § 142-2.4 and § 142.-2.14);

- N.Y. Lab. Law. § 160 et seq. (including, but not limited to, § 161 and § 162);

- N. Y. Lab. Law § 190 et seq. (including, but not limited to, § 191, § 193 and § 198); and• New York Minimum Wage and Hour Law: NY. Lab. Law § 650 et seq.

**1.23    Settlement Payment.**  "Settlement Payment(s)" means the portion of the Net Settlement Payment (as defined above) allocated and payable to each Participating Class Member, based on the number of weeks worked by the Participating Class Member during the Covered Period (as defined above).  Only Participating Class Members are eligible to receive a Settlement Payment under this Stipulation.

**1.24    Stipulation.**  "Stipulation" means this Joint Conditional Stipulation of Settlement and Release, together with all of its attachments and exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement

between them, and which is subject to Court approval.   It is understood and agreed that Defendants' obligations for payment under this Stipulation are conditioned on the Effective Date (as defined herein) occurring.

**2.     APPROVAL AND CLASS NOTICE**

**2.1    Retention of Claims Administrator and Duties of Claims Administrator.** Within 15 days after the execution of this Agreement, the Parties shall retain the Claims Administrator to administer the claims process.   The Claims Administrator shall be responsible for the claims administration process and distribution to Participating Class Members as provided herein.   Defendants agree to cooperate with the Claims Administrator and assist it in administering the Settlement.   The Claims Administrator's fees shall be paid out of the Settlement Payment.    The Claims Administrator shall have the following duties and responsibilities in connection with this Stipulation:

(A)    The Claims Administrator shall establish a "settlement account," which shall be a Qualified Settlement Fund under Internal Revenue Code § 468B, and shall agree to treat the funds in the settlement account as being at all times a Qualified Settlement Fund.

(B)    The Claims Administrator will be responsible for distributing the Class Notice, as described in Paragraph 2.4 below, to Plaintiffs and Class Members.

(C)    The Claims Administrator shall receive and advise the Court and the Parties of all notices of individual class member opt-outs from the proposed settlement, as set forth in Paragraph 2.5, below.

(D)     The Claims Administrator shall receive and advise the Court and the Parties of all objections to the proposed settlement by individual class members, as set forth in Paragraph 2.6, below.

(E)     The Claims Administrator will make all proper Settlement Payments from the Qualified Settlement Fund, as described in this Stipulation.

(F)     The Claims Administrator shall make prepare and mail all payments to Plaintiffs and Participating Class Members.

(G)     The Claims Administrator and/or Class Counsel shall bear sole responsibility for responding to inquiries from class members regarding the settlement payments or the settlement payment administration process.

(H)     The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns, including but not limited to IRS Forms W-2, W-9 and 1099, if necessary, with respect to the Qualified Settlement Fund and any employer payroll taxes.

(I)     The Claims Administrator shall keep Class Counsel and Defendants' Counsel apprised of the status of all mailings of Settlement Payments, and any returned mailings, and provide documentation relating to same, upon request.  The Claims Administrator shall also provide Class Counsel and Defendants' Counsel with an accounting of the proceeds disbursed from the Qualified Settlement Fund, account balances and remainder amounts upon request.

**2.2     Conditional Nature of Stipulation.**  The Stipulation is made for the sole purpose of settling the Litigation, as defined above.   Because the Litigation was pled as a

class and collective action, and the Court granted class certification and FLSA collective status in the Litigation, this Stipulation and the settlement described herein must receive preliminary and final approval by the Court.  In the event that the Court does not enter an Order granting final approval of Stipulation, or in the event that the Judgment described in Paragraph 2.8 below does not become final, this Stipulation shall be deemed void, inadmissible, and shall be of no force or effect whatsoever, shall not be referred to or used by any party for any purpose whatsoever, and the Litigation will resume as if as if no settlement had been attempted.

2.3    **Preliminary Approval by the Court.**  On or before December 9, 2016, Plaintiffs will submit to the Court a Motion for an Order Preliminarily Approving the Class Action Settlement and the Proposed Notice of Settlement of the Class Action Lawsuit and Fairness Hearing (the "Motion for Preliminary Approval").  Prior to submitting the Motion for Preliminary Approval to the Court, Class Counsel will provide a draft of the Motion for Preliminary Approval to Defendants' Counsel for review and comment.  If the Court denies the Motion for Preliminary Approval, then the Litigation will resume unless the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement. If a mutually agreed class settlement is not approved, the case will proceed as if no settlement had been attempted.

2.4    **Class Notice.**

(A)    Within 21 days of the date of the Order Granting Preliminary Approval, Defendants will provide the Claims Administrator with a list, in electronic

form, of the names, and last known addresses, of all Class Members and FLSA Collective Members.

(B)    Within 10 days after receiving the information described in Section 2.4(A), the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the draft form attached as Exhibit A, and the Claim Form and Release in the draft form attached as Exhibit B, to all Class Members using each individual's last known address as recorded in Defendants' records.   The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and shall attempt re-mailings as described below.   The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing, and shall attempt up to three re-mailings to the same address, or to any updated addresses obtained by the Claims Administrator.

(C)    Within 30 days of the date of the Order Granting Preliminary Approval, Defendants shall serve notices required under the Class Action Fairness Act upon the United States Department of Labor, the office of the United States Attorney General, and the Attorney General for New York and, to the extent required by CAFA, the appropriate state officials in each state in which class members resided during their employment in the Covered

Position, based upon the last known addresses for each class member available in Defendants' records.

**2.5    Class Member Opt-Out and FLSA Collective Member Withdrawal.**

(A)    Any Class Member may request exclusion from the Class by "opting out." Class Members who choose to opt out must mail a written, signed statement to the Claims Administrator that he or she is opting out of the Settlement ("Opt-Out Statement").    To be effective, such Opt-Out Statements must be sent via First Class United States Mail and postmarked by a date certain to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which will be at least 30 days after the Claims Administrator mails the Notice.  The 30 day period will begin to run from the first mailing, except for those Class Members whose first mailing was returned to the Claims Administrator as undeliverable, in which case the 30 day period for any such Class Member will begin to run from the date of the final mailing to such Class Member.  The end of the "Opt-Out Period" shall be 30 days after the last day on which the Claims Administrator makes a mailing.  The Claims Administrator shall, within 10 days after the last day on which it makes such a mailing, notify Class Counsel and Defendants' Counsel in writing by email and overnight delivery of the precise date of the end of the Opt-Out Period.

(B)    Any FLSA Collective Member who signed a consent form to opt in to the collective action filed pursuant to the FLSA may withdraw their consent to participate in the collective action.  FLSA Collective Members who wish

to withdraw their consent must mail a written, signed statement to the Claims Administrator indicating their intent to withdraw their consent to participate in the collective action.   To be effective, such Withdrawal statements must be sent via First Class United States Mail and postmarked by a date certain to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which will be at least 30 days after the Claims Administrator mails the Notice.   The 30 day period will begin to run from the first mailing, except for those FLSA Collective Members whose first mailing was returned to the Claims Administrator as undeliverable, in which case the 30 day period for any such FLSA Collective Member will begin to run from the date of the final mailing to such FLSA Collective Member.   The end of the "Withdrawal Period" shall be 30 days after the last day on which the Claims Administrator makes a mailing.   The Claims Administrator shall, within 10 days after the last day on which it makes such a mailing, notify Class Counsel and Defendants' Counsel in writing by email and overnight delivery of the precise date of the end of the Opt-Out Period.

(C)     The Claims Administrator shall stamp the postmark date on the original of each Opt-Out or Withdrawal Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendants' Counsel not later than three days after receipt thereof.   The Claims Administrator also shall, within three days of the end of the Opt-Out/Withdrawal Period, file with the Clerk of Court, stamped copies of any Opt-Out or Withdrawal

16

Statements.  The Claims Administrator shall, within 24 hours of the end of the Opt-Out/ Withdrawal Period, send a final list of all Opt-Out/Withdrawal Statements to Class Counsel and Defendants' Counsel by both email and overnight delivery.  The Claims Administrator shall retain the stamped originals of all Opt-Out/Withdrawal Statements and originals of all envelopes accompanying Opt-Out/Withdrawal Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Joint Conditional Stipulation of Settlement and Release.

**2.6    Objections to Settlement.**

(A)    Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be sent to the Claims Administrator via First-Class United States mail, postage prepaid, and be received by the Claims Administrator by a date certain, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which shall be at least 30 days after the date on which the Claims Administrator mails the final Notice to such Class Member.  The Claims Administrator shall stamp the date received on the original and send copies of each objection to Class Counsel and Defendants' Counsel by email and overnight delivery not later than three days after receipt thereof.  The Claims Administrator shall also file the date-stamped originals of objections with the Clerk of Court within three days after the end of the Objection Period.

17

(B)   An objector has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector.   An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections.   An objector may withdraw his/her objections at any time.   Any Class Member who has submitted an Opt-Out Form may not submit objections to the settlement.

(D)   The Parties may file with the Court written responses to any filed objections not later than 35 days before the Fairness Hearing.

**2.7**   **Motion for Judgment and Final Approval and Fairness Hearing**.

(A)   Not later than 15 days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval.   The Final Fairness Hearing shall be held at the Court's convenience.

(B)   If the Court enters the Preliminary Approval Order, at the Final Approval and Fairness Hearing, the Plaintiffs and Defendants, through their counsel of record, shall address timely written objections, if any, from Class Members who have not filed an Opt-out Request, as well as any timely stated concerns of any federal or state official who receives a notice under the Class Action Fairness Act ("CAFA"), and any concerns of the Court.

(C)   Within 10 days of the deadline for Class Member objections (as set forth in Section 2.6 above) or 60 days after CAFA Notice is provided, and prior to the Final Approval and Fairness Hearing described in this Section, and consistent with the Rules imposed by the Court, the Parties shall move the Court for entry of the Order of Final Approval along with the associated

entry of Judgment.

2.8 **Entry of Judgment.** At the Final Approval and Fairness Hearing, the Parties will request that the Court, among other things, (a) enter Judgment in accordance with this Agreement, (b) approve the settlement and Agreement as final, fair, reasonable, adequate, and binding on all Class Members who have not timely opted out pursuant to Section 2.5(A), (c) dismiss the Litigation with prejudice, (d) enter an order permanently enjoining all Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement; and (e) rule on Plaintiffs' applications for attorneys' fees, costs, and service awards.

2.9 **Effect of Failure to Grant Final Approval.** In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Defendants shall have no obligation to make any payments under this Agreement. The Litigation will resume as if this Stipulation was never agreed to, unless the Parties jointly agree to: (1) seek reconsideration or appellate review of the decision denying entry of Judgment, or (2) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement. In the event any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved, the Court will authorize notice to Class Members and FLSA Collective Members that the Agreement did not receive final approval and that, as a result, no payments will be made under the Agreement. Such notice shall be mailed by the Claims Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Claims Administrator in

19

mailing the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing.

2.10 **Effect of Certain Percentage of the Class Members Opting Out of the Settlement.** If five percent or more of the members of the Class exercise their rights to opt out and be excluded from the Class and the Agreement, the Defendants shall have the absolute discretionary right, notwithstanding any other provisions of the Agreement, to withdraw from the Agreement and settlement terms, whereupon the Agreement will become null and void for all purposes and may not be used or introduced in further litigation or any other proceeding of any kind, and the Litigation will proceed as if the parties had never entered into this Stipulation .

2.11 **Termination of Agreement.** This Agreement shall automatically terminate, and the final settlement certification shall automatically be cancelled if this Agreement is terminated pursuant to Paragraph 2.10, in which event this Agreement shall not be offered, received, or construed as an admission of any kind as to liability, damages, whether any class is certifiable, or any other matter, and the Litigation will proceed as if the parties had never entered into this Stipulation.

3. **SETTLEMENT TERMS**

3.1 **Settlement Payment.** Defendants agree to pay up to $13.5 million, which shall resolve and satisfy any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to Class Members and FLSA Collective Members, any court-approved service payments to Plaintiffs, and the Claims Administrator's

fees as described in Section 2.1.  Defendants will not be required to pay any more than $13.5 million under the Agreement.

**3.2     Receiving Settlement Payment – Becoming a Participating Class Member**.

(A)     Any Class Member who does not file a timely and valid Opt-out form pursuant to Section 2.5, and who wishes to receive the payment pursuant to this Stipulation, must become a Participating Class Member (as defined above) by completing and returning a timely and valid Claim Form and Release in the form attached hereto as Exhibit B.  Class Members may submit a completed Claim Form and Release by mailing such Claim Form and Release so that it is post-marked within 30 days from the date the Class Notice is mailed.  Any Class Member who completes and returns a Claim Form and Release in a timely fashion will receive a Settlement Payment, calculated pursuant to the formula set forth in Section 3.6(D).  Class Members who complete and return a Claim Form and Release shall be deemed Participating Class Members.  Class Members who do not sign and return a Claim Form and Release in a timely fashion will waive their right to receive a settlement payment unless they are already FLSA Collective Members.

(B)     Defendants may, in their sole discretion, choose to accept as timely submitted any Claim form and Release from a Class Member submitted after the deadline to submit a Claim and Release Form described in Paragraph 3.2(A), above. Absent Defendants' consent any Class Member who is not a FLSA Collective Member who fails to return the executed

21

Consent and Release form by the deadline set forth in Paragraph 3.2(A) will not be deemed a Participating Class Member and will not be eligible to receive a settlement payment.

**3.3     Timing of Payment to Participating Claimants.**

(A)     Within 15 business days after the Effective Date, Defendants shall provide the Claims Administrator with funds sufficient to enable the Claims Administrator to satisfy the payment obligations for Claims Administrators fees (described in Section 2.1), Attorneys' Fees and Costs (as described in Section 3.4), service awards and individual settlement payments to Participating Class Members, and settlement expenses and employer paid payroll taxes, which shall be deposited in a Qualified Settlement Fund. Defendant shall not be responsible for any additional funding of the Settlement Payment (described in Section 3.1) in excess of the above-described payments to the Claims Administrator and shall retain such unclaimed funds.

(B)     Within 15 business days of the deposit of the payment to the Claims Administrator described in Section 3.3(A), the Claims Administrator will distribute the money in the Qualified Settlement Fund by making the following payments:

(1)     Paying Participating Class Members their payments as described in Section 3.6(D).

(2)     Paying Class Counsel Court-awarded attorneys' fees and costs as described in Section 3.4

(3)     Paying the Claims Administrator's fees as described in Section 2.1.

(4)     Paying the amounts described in Section 3.5.

22

(C)   If payments to Participating Class Members as described in Sections 3.3(B) and 3.6(D) are not cashed within 90 days of the check date, the unclaimed settlement checks will be void, and the money reflected in the unclaimed checks will remain in the Qualified Settlement Fund.   Any monies remaining in the Qualified Settlement Fund after 90 days from the date of the check will revert to Defendants, with the exception of the reserve fund described in Section 3.3(E).

(D)   To the extent individuals come forward prior to the distribution described in Section 3.3(B) above who are determined to be members of the Class or the FLSA Collective who were not earlier identified as such, the parties agree to use any unclaimed funds in the Net Settlement Fund following the end of the time period to submit Claims forms described in Section 3.2(A) to render payments to those individuals according to the same allocation formula described in Section 3.6(D).

(E)   The parties agree that the sum of $25,000 shall be reserved to pay any late claims that are received within one year following the Effective Date, or to correct any errors, and any amounts of this sum that remain undisbursed as of one year following the Effective Date shall be returned to Defendants.

**3.4   Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)   At the Fairness Hearing, Class Counsel shall petition the Court for 33 1/3% of the total settlement amount described in paragraph 3.1 as an award of attorneys' fees, plus reimbursement of reasonable litigation costs and expenses, which do not include the Claims Administrator's fees as

described in Section 2.1.  Defendants shall have no additional liability for fees and costs, including, without limitation, administrative costs, expert fees and costs, or attorneys' fees and costs.

(B)    The substance of Class Counsel's application for attorneys' fees and costs is not part of this Stipulation, and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Stipulation or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.

3.5    **Payments to Plaintiffs.**  At the Fairness Hearing, Plaintiffs Mani Jacob and Lesleena Mars will apply to the Court to receive $5,000 each from the settlement payment for services rendered to the class.  The service payments and the requirements for obtaining such payments are separate and apart from, and in addition to, other recovery to which these Plaintiffs might be entitled, and other requirements for obtaining such recovery, under other provisions of this Stipulation.  The substance of the above-referenced application for service awards is not part of this Stipulation and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation.  The outcome of the Court's ruling on the application for service payments shall not terminate this Stipulation or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.

3.6    **Distribution to Class Members.**

(A)   A Class Member who is not a FLSA Collective Member who does not opt out pursuant to Section 2.5(A) will be deemed eligible for a payment hereunder only if he or she timely and fully executes and returns the Claim Form and Release (in accordance with the instructions in the Claims and Release Form), including the release in accordance with Section 3.2 above. Regardless of whether he or she timely and fully executes and returns the Claim Form and Release, any Class Member who does not opt out pursuant to Section 2.5 is subject to the releases set forth in Sections 1.21, 1.22, 4.1 and 4.2.

(B)   Class Members who meet the requirements of Section 3.2 regarding the execution and return of the Claim Form and Release shall be referred to herein as "Participating Class Members," as defined herein.

(C)   In the event that a Class Member fails to submit the requisite Claim Form and Release within the time period set forth in the Claim Form and Release, the Class Member shall forfeit any right to distribution from the Settlement Payment unless they are also a FLSA Collective Member.  It is explicitly stipulated that the claims of any Class Member who fails to submit the requisite claim form are nevertheless released pursuant to the Release Provisions of Sections 1.21, 1.22, 4.1 and 4.2.

(D)   A Participating Class Member's proportionate share of the Settlement Payment less any amounts approved by the Court under Sections 2.1, 3.3, 3.4 and 3.5 ("Net Settlement Payment") shall be determined by the Claims Administrator based on the Allocation Formula below.   The Claims

25

Administrator's decisions regarding Participating Class Members' proportionate shares of the Settlement Payment will be final and binding.

### Allocation Formula

Each Participating Class Member's proportionate share of the Settlement Payment shall be determined by the Claims Administrator assigning Points as follows:

(a)  For each Week in the Covered Period in which the Participating Class Member was employed in the Covered Position, the Participating Class Member earns 1 point.

### Calculation

(b) Add all Points to all Participating Class Members together to obtain the "Total Class Member Denominator."

(c) Divide the number of Points for each Participating Class Member by the Total Class Member Denominator to obtain each Participating Class Member's "Portion of the Net Settlement Payment."

(d) Multiply each Participating Class Member's Portion of the Net Settlement Payment by the Net Settlement Payment to determine each Participating Class Member's "Settlement Award."

(E)   The Claims Administrator shall mail to all Participating Class Members their payment of their proportionate share within 15 days of the Effective Date.  The Claims Administrator shall use reasonable efforts to make up to three additional mailings to Participating Class Members whose checks are returned because of incorrect addresses.  If any checks are returned because of incorrect addresses, Defendants will provide, if available, the social security numbers of those Participating Class Members whose checks were returned.   The Claims Administrator's reasonable efforts shall include using social security numbers to obtain better address information.  Any additional efforts undertaken shall be in the sole discretion of the Claims

26

Administrator.

**3.7    Taxability of Settlement Payments; no Effect on Eligibility for Benefits.**

(A)    For tax purposes, 50% of payments to Participating Class Members pursuant to Section 3.6 shall be treated as back wages and 50% of such payments shall be treated as liquidated damages and interest.

(B)    Payments treated as back wages pursuant to Section 3.7(A) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.  Payments treated as liquidated damages and interest pursuant to Section 3.7(A) shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099.  Payments of attorneys' fees and costs pursuant to Section 3.4 shall be made without withholding and reported to the IRS and the payee under the payee's name and taxpayer identification number, which each such payee shall provide for this purpose, on an IRS Form 1099.  Any service payments pursuant to Section 3.5 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form W-2.

(C)    The Employer Payroll Taxes described in Section 1.11 shall be paid out of the Settlement Payment.

27

(D)     The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns, including but not limited to IRS Forms W-2 and W-9, if any, necessary with respect to the Qualified Settlement Fund and any employer payroll taxes.

(E)     Plaintiffs, on behalf of the Class and each individual member of the Class, acknowledge and agree that each individual Participating Class Member will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Stipulation (other than taxes specified in Section 3.7(C)).  Plaintiffs, on behalf of the Class and each individual member of the Class, acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Stipulation.

(F)     Payments made to Plaintiffs and Participating Class Members shall be deemed not to be pensionable earnings, and shall not have any effect on the eligibility for, or calculation of, any employee benefits of Plaintiffs and the Participating Class Members.  Plaintiffs and Participating Class Members, by their acceptance of any Settlement Payment they receive under this Stipulation, affirmatively elect not to contribute any portion of the Settlement Payment they receive to any 401(k) plan, other deferred compensation plan, any flexible spending or health savings account or other employee benefit plans.

**4.      RELEASE OF CLAIMS**

**4.1**    Upon the Effective Date, the Plaintiffs and each of the Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns and attorneys, shall be deemed to have, and by operation of the Judgment, fully finally and forever released, dismissed, with prejudice, relinquished, and discharged all Released Non-FLSA Claims as defined in Section 1.22 herein.

**4.2**    In addition, upon the effective Date, the Plaintiffs and each of the Participating Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have fully finally and forever released, dismissed, with prejudice, relinquished, and discharged all Released FLSA Claims as defined in Section 1.21 herein.

**4.3**    Upon the Effective Date, the Plaintiffs shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, dismissed, with prejudice, relinquished, and discharged all Plaintiffs' Released Claims as defined in Sections 1.21 and 1.22 herein.  However, as a condition of receiving a service payment as described in Section 3.5, herein, each Plaintiff will also execute an individual full and general release agreement consistent with the terms of this Stipulation, as set forth in Section 4.4.

**4.4**    **Plaintiffs' Released Claims.**   The individual and full release signed by each Plaintiff receiving a service award shall cover any and all claims arising out of the Plaintiffs' employment, including, without limitation, any and all claims arising under the United States Constitution, the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act, 29 U.S.C. § 621 *et seq*.,

Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, the Americans with Disabilities Act, the Family and Medical Leave Act of 1993, 42 U.S.C. § 1981, the Employee Retirement Income Security Act of 1974 (except for vested benefits), the New York Human Rights Law, N.Y. Exec. L. § 296 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.*, and any other claims for under any other federal state or local laws or regulations, or under contract, tort or common law, including any claims for unpaid compensation, discrimination, harassment or retaliation, as well as any claims for attorneys' fees and costs. The Plaintiffs' Released Claims are intended to reflect a full and general release of claims, and shall be interpreted as broadly as possible consistent with applicable law.

**4.5**    The FLSA claims of the FLSA Collective Members who Withdraw from this Agreement and who do not become Participating Class Members shall be dismissed with prejudice upon entry of the Order granting final approval of the Stipulation.

**4.6**    The back of each check distributed to Participating Class Members pursuant to this Agreement will contain a legend stating "By negotiating this check and accepting payment I hereby acknowledge that I have waived and released Duane Reade Inc. and Duane Reade Holdings, Inc. from any and all FLSA and NYLL claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs related to such claims." Participating Class Members must sign the check in the space following the legend. The release of claims shall still be enforceable if

any Participating Class Member is permitted to negotiate a check without a signature.

**4.7**    The above releases shall only take effect upon the Effective Date.

**4.8**    **Release of Fees and Costs for Settled Matters.**  Class Counsel and Plaintiffs, on behalf of the Class and each individual Qualified Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the Class.  Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals.

**4.9**    **No Assignment.**  Class Counsel and Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

**4.10**   **Termination of Settlement.**  In the event this Stipulation is not approved in its entirety by the Court, or in the event that the Settlement set forth in this Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Final Order Approving Settlement do not become a final judgment, or if the Effective Date does not occur, no payments shall be made by Defendants to anyone in accordance with the terms of this Stipulation, and the Parties will bear their own costs and fees with regard to the efforts to obtain Court approval.  In such event, this Stipulation (except for those

31

provisions relating to non-admission of liability set forth in Section 4.11) shall be deemed null and void, and its provisions shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. Notwithstanding any other provision of this Stipulation, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid to Plaintiffs' Counsel, or reducing the amount of any service awards paid to the Plaintiffs, shall constitute grounds for cancellation or termination of this Stipulation or grounds for limiting any other provision of the Judgment.

**4.11    Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation for any purpose other than settlement and Defendants reserve their right to challenge the class or collective certifications entered by the Court already in this action in the event the Settlement does not become final.  Rather, Defendants assert that their Assistant Store Managers were and always have been properly classified as exempt from the overtime requirements of the FLSA and the NYLL, deny any wrongdoing, liability or damages asserted by Plaintiffs, and deny that any overtime pay of any kind is due or owing to the Class Members.  Defendants enter into this Agreement

32

to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class.  Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Lawsuit; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding; and (c) are not, shall not be deemed to be, and may not be used as an admission or evidence of the appropriateness of these or similar claims for class certification or administration or collective action treatment other than for purposes of administering this Agreement.   The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**5.    MISCELLANEOUS**

**5.1    Cooperation Between the Parties; Further Acts.**  The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2     **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

5.3     **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

5.4     **Arm's Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

5.5     **Captions.**   The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.6     **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.7     **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to

choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.8    **Continuing Jurisdiction.**    The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

5.9    **Waivers, etc. to be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10    **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

5.11    **Facsimile Signatures.**  Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that

signature page via facsimile to counsel for the other party.  Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile. This agreement can be signed in counterparts.

5.12   **Confidentiality.**  Plaintiffs and Class Counsel agree that they will not publicize the terms of this Agreement, the negotiations with respect thereto, or other matters relating to the instant actions, either directly or indirectly, that is, through agents, attorneys, or accountants, or any other person or entity, either in specific or as to general content, except as otherwise permitted in Section 5.14 and 5.15, below. Notwithstanding the foregoing, nothing in this Agreement will prevent Plaintiffs from making truthful statements to others regarding the facts underlying their claims or the litigation of the Jacob Action.  Moreover, Plaintiffs may disclose information concerning payments made to them to members of their immediate families.  Plaintiffs and Class Counsel may also disclose information concerning this Agreement to their respective counsel and tax advisors who have first agreed to keep said information confidential and to not disclose it to others.   The foregoing shall not prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Agreement, or prohibit or restrict Plaintiffs and Class Counsel from responding to any inquiry about this settlement or its underlying facts and circumstances from any governmental agency.

5.13    **Nondisparagement.**  Plaintiffs and Participating ClassMembers, and Class

Counsel agree that, for a period of three years from the Judgment and Order

Granting Final Approval, they will not make any defamatory or disparaging oral

or written statements regarding Defendants, their business practices, or their

products or services. Notwithstanding the foregoing, nothing herein will prevent

Plaintiffs and Participating Class Members from making truthful statements to

others about the facts underlying their claims or the litigation of the *Jacob et al. v.*

*Duane Reade Inc. et al.* case no 11 Civ. 160 (S.D.N.Y.) (JPO) (JCF).  Moreover,

nothing in this Agreement shall be construed as prohibiting Plaintiffs or

Participating Class Members from filing a charge or participating in any

investigation or proceeding conducted by the United States Equal Employment

Opportunity Commission, the National Labor Relations Board, or any

government agency charged with enforcement of any law.

5.14    **Removal of all Press Releases:**  Plaintiffs and Class Counsel shall not provide

information to the press about this settlement and will not issue a press release

regarding the settlement of the claims related to this matter.   If the parties and/or

their counsel are contacted by the media, they will merely inform them that the

case has been resolved to the satisfaction of all parties.

5.15    **Removal of Case-Specific Information on Class Counsel's Websites or Social**

**Media Pages.**  If approved by the Court, Class Counsel and Defense Counsel will

agree to remove all existing web pages or entries on web pages or social media

that invite members of the Class or Collective to participate in this Litigation and,

if approved by the Court, will limit references to this settlement on their websites

or in any social media or other media format to the name of the case and the fact that it was classwide settlement for Assistant Store Managers.

**5.16**   **Deletion of Confidential Discovery Documents.**   The Parties agree that no discovery materials shall be disseminated or distributed to any person or entity. All discovery materials designated as Confidential shall be deleted; provided, however, that any materials designated as Confidential contained in the notes or work product created by Class Counsel need not be destroyed, but such information shall be kept confidential in accordance with the terms and conditions of the Parties' Stipulated Order for the Production and Exchange of Confidential Information.   Class Counsel shall certify within thirty (30) calendar days that they have complied with this provision.

DATED: _____, 2016    **Duane Reade Inc.**

By: _____

Its: _____SVP + CFO,_____

DATED: _____, 2016    **Duane Reade Holdings, Inc.**

By: _____

Its: _____ SVP & CFO _____

DATED: _____, 2016    **OUTTEN & GOLDEN LLP as Class Counsel**

By: _____
        Adam T. Klein

DATED: _____, 2016    **KLAFTER OLSEN & LESSER LLP as Class Counsel**

By: _____
        Seth Lesser

DATED: _____, 2016    **GOTTLIEB & ASSOCIATES**

By: _____
        Dana L. Gottlieb

DATED: _____, 2016    By: _____
        Mani Jacob

DATED: _____, 2016    By: _____
        Lesleena Mars

DATED: _____, 2016     **Duane Reade Holdings, Inc.**

By:_____

Its: _____

DATED: _____, 2016     **OUTTEN &  GOLDEN LLP as Class Counsel**

By:_____
       Adam T. Klein

DATED: _____, 2016     **KLAFTER OLSEN & LESSER LLP as Class Counsel**

By:_____
       Seth Lesser

DATED: _____, 2016     **GOTTLIEB & ASSOCIATES**

By:_____
       Dana L. Gottlieb

DATED: 12/09 _____, 2016   By:_____
       Mani Jacob

DATED: _____, 2016   By:_____ December 12, 2016
       Lesleena Mars

DATED: _____, 2016       **Duane Reade Holdings, Inc.**

By: _____

Its: _____

DATED: _____, 2016       **OUTTEN & GOLDEN LLP as Class Counsel**

By: _____
       Adam T. Klein

DATED: _12/12_, 2016       **KLAFTER OLSEN & LESSER LLP as Class Counsel**

By: _____
       Seth Lesser

DATED: Dec. 9_, 2016       **GOTTLIEB & ASSOCIATES**

By: Dana L Gottlieb
       Dana L. Gottlieb

DATED: _12/09_, 2016       By: Mani Jacob
       Mani Jacob

DATED: _____, 2016       By: _____
       Lesleena Mars

DATED: _____, 2016          **Duane Reade Holdings, Inc.**


By:_____

Its: _____

DATED: January  6  , 2017          **OUTTEN & GOLDEN LLP as Class Counsel**


By:_____
          Adam T. Klein

DATED: _____, 2016          **KLAFTER OLSEN & LESSER LLP as Class Counsel**


By:_____
          Seth Lesser

DATED: _____, 2016          **GOTTLIEB & ASSOCIATES**


By:_____
          Dana L. Gottlieb


DATED: _____, 2016          By:_____
           Mani Jacob


DATED: _____, 2016          By:_____
          Lesleena Mars