UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
:
MANI JACOB, *et al.*, individually and on behalf     :
of all others similarly situated,                    :
:
                              Plaintiffs,     :
:      11-CV-160 (JPO)
                -v-                        :
:      <u>ORDER</u>
DUANE READE, INC. and DUANE READE                    :
HOLDINGS INC.,                                       :
                             Defendants.    :
---------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      Before the Court are Plaintiffs' Motions for Final Approval of the Class Action and FLSA Settlement (Dkt. No. 218); Approval of Attorneys' Fees and Reimbursement of Expenses (Dkt. No. 220); and Approval of Service Payments for the Named Plaintiffs (Dkt. No. 222). Defendants agreed not to oppose these motions. (Dkt. No. 218-1.)

      Based upon the Court's review of papers submitted in connection with these motions, the Court grants final approval of the Settlement Agreement, attached to the Declaration of Molly A. Brooks as Exhibit A. (Dkt. No. 224-1.) Terms used in this Order shall have the same meanings as set forth in the Settlement Agreement

      The Court approves the FLSA settlement. Subject to the exception discussed below, the Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the Settlement Class who have not timely and properly opted out, pursuant to Paragraph 2.5 of the Settlement Agreement.

The Court, however, does not approve the provision of the settlement that purports to limit references to the case on Class Counsel's Websites or Social Media pages, pursuant to Paragraph 5.15 of the Settlement Agreement.  (The Settlement Agreement makes clear that this provision is subject to "approv[al] by the court."  (Dkt. No. 224-1 ¶ 5.15.))

The Court finds that this provision runs counter to the "well-settled principle that '[c]onfidentiality provisions in FLSA settlements are contrary to public policy.'"  *Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (alteration in original) (quoting *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 372, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015)); *see also id.* (refusing to approve a provision of a FLSA settlement agreement that would require plaintiffs not to disclose the aggregate settlement amount); *see generally Camacho v. Ess-A-Bagel Inc.*, No. 14 Civ. 2592, 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) ("[A] non-disclosure agreement in an FLSA settlement, even when the settlement papers are public[ly] available on the Court's docket, is 'contrary to well-established public policy' because it inhibits one of the FLSA's primary goals—to ensure 'that all workers are aware of their rights.'" (quoting *Guareno v. Vincent Perito, Inc.*, No. 14 Civ. 1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014))).  Moreover, restrictions on attorney disclosure risk running afoul of ethical prohibitions on settlement agreements that restrict a lawyer's right to practice, including representation of other, future clients.  *See* N.Y. Rules of Prof'l Conduct R. 5.6(a)(2); D.C. Bar Ass'n, Ethics Op. 335 (2006) ("A settlement agreement may not compel counsel to keep confidential and not further disclose in promotional materials or on law firm websites public information about the case . . . .  Such conditions have the purpose and effect of preventing counsel from information potential clients of their experience and expertise, thereby making it difficult for future clients to identify well-qualified counsel and employ them to bring

2

similar cases."); *see also* Chicago Bar Ass'n, Informal Ethics Opinion 2012-10 at 2-3; *see generally Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2009 WL 1321695, at *9 & n.5 (S.D.N.Y. May 12, 2009) (refusing to interpret confidentiality provisions to limit counsel's ability to represent others, as it would violate ethical rules).

The Court grants the Motion for Attorneys' Fees and awards Class Counsel $4,500,000.00 in attorneys' fees, plus $246,864.76 in costs and expenses reasonably expended litigating and resolving the lawsuit. These amounts shall be paid from the Qualified Settlement Fund.

The Court finds reasonable the service payments for Plaintiffs Mani Jacob and Lesleena Mars in the amount of $5,000.00 each. These amounts shall be paid from the Qualified Settlement Fund.

If no individual or party appeals this Order, the "Effective Date" of the settlement shall be 30 days after this Order is entered. If an individual or party appeals this Order, the "Effective Date" of the Settlement will be the day after all appeals are finally resolved.

The Claims Administrator will disburse settlement checks to Class Members, Class Counsel's attorneys' fees and costs, and the service payments within 30 days of the Effective Date. The Claims Administrator shall provide verification to Class Counsel and Defendants' Counsel that is has distributed the Settlement Checks, retain copies of all of the endorsed Settlement Checks, and provide Defendants' Counsel with the original or copies of the endorsed Settlement Checks (both sides) in accordance with the Settlement Agreement.

Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order. All Class Members who did not opt out and Plaintiffs are

permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

SO ORDERED.

Dated: New York, New York
May 5, 2017

_____
J. PAUL OETKEN
United States District Judge